Lise Rubin, M.Ed., OTL      Complaint against NYCDOE     Waiver Request     To Office of Civil Rights, USDOE

### Responses to Items on Page 4:
### #6. Most Recent date discriminated against?
### #7. Waiver Request
### #8. Have you attempted to resolve these allegations with the institution…?
### #9. If filed with other Federal Agency

#### *Item 6. What is the most recent date you were discriminated against?*
Answer: November 13, 2019.
On this date I was once again denied access to documents in my own file. The date for a response to the underlying FOIL request from August 22, 2019, was again extended, now from November 13, 2019, to January 13, 2020, or 89 days. NYS FOIL allows 25 days from receipt of a FOIL request. Similarly, documents sought on January 25, 2019 yielded almost nothing until July 12, 2019, and even the current FOIL requests are repeat requests from that time period, but NYCDOE refused to release them, even with repeated appeals. In this way NYCDOE does not allow me to know the facts underlying their retaliatory acts, nor to have the proofs needed to make a formal complaint.
The first date on which one could argue that I had sufficient information to make a complaint was on July 12, 2019, with the first substantive release of the underlying documents.
**Note on EEOC Involvement and Referral:**
On October 31, 2019, I went to the EEOC offices, and attempted to file the charges and full complaint there. They told me that they do not enforce with ADAAA or The Rehabilitation Act, and that I had to see you or another agency. At that time I did not know that they should have accepted filing the charges, and they should have referred it over.
Please also refer to Question 9, with further details.

#### *Item 7. Time or Waiver Request.*
It is unknown by this person how ORC operationalizes this time factor. Therefore, this complaint is treating it as though acts beyond the 180 days might incorrectly be excluded.
**Request for Time / Waiver to go back at least to June, 2018; and to use the time limitation start date of July 12, 2019, when some FOIL request documents, which clearly show the secretive blacklisting and true nature of the numerous retaliatory adverse actions, were finally released.**
This complaint certainly alleges continual retaliatory harassment and discrimination to the current date, continuous from September, 2012. Actions in this Complaint should include at least going back to the 2017 to 2018 school year for reasons given below; alternatively it should include June, 2018 to the current date.

The following is from Attachment file: OCR.Acts, Section V. which sets forward the actions of discrimination and retaliation, the part on Time Period.
**Part V. Some Events, Actions, from November, 2017 to December, 2018**
**June, 2018**
**NYCDOE Criminalizes Helping Students get Services**
**Time Period:** While this time period is clearly outside of the possible 180 day limitation, the USDOE, Office of Civil Rights, is asked to include it for the following reasons:
1.Actions which occurred in this earlier time period are directly and causally related to the later events, as one continuous process of my Protected actions being severely retaliated against. The prime focus of NYCDOE personnel, including the entire Law Department and

the investigatory divisions; are preoccupied with covering up facts and reality. In the mind of NYCDOE personnel, they had to take action against me in 2019 to support and justify their overtly illegal 2018 and earlier actions; as well as to have an explanation, though false; to give to parents who received copies of the March 2019 Special Education Complaint, to the NYSED SEQA letter stating it will investigate, and the robust results of the NYSED SEQA investigation. They felt they had to claim I violated something in order to justify to parents their dismal performance and the results of the real investigation on themselves.

2. Due to the fact that it is the intentional actions of NYCDOE itself which prevented me from learning the actual facts prior to July 12, 2019; and even now they continue to withhold my documents and thus knowledge.

3. NYCDOE has acted against me in order to conceal the true facts of their abysmal services, which includes systemically defrauding students of mandated services. It is clearly in the Public Interest to investigate and fully reveal the actions of NYCDOE.

4. The comparable NYS law is NYS LL 741, Protection of Health Care Provider Whistleblowers, which has a 2 year statute of limitations, and is applicable to NYCDOE and to myself, as an occupational therapist providing services in a school district.

5. It is through examination of the 2017 to 2018 incidents that one clearly sees the retaliatory actions taken at a later date, such as continued refusal to allow for any means to review the 2018 actions against me.

6. Proof of Misclassified Employee Status: The behavior demonstrated in the 2017-2018 school year, for which there is hard documentation; provides proof that NYCDOE agrees that I am an employee. This is seen clearly in the intensive and invasive supervision and continual demands. An actual independent contractor is not subjected to this type of continual direction and additional duties, without renegotiating the underlying contract.

7. NYCDOE FOIL has refused to release documents even for the year 2019, as well as for 2017-2018, and years 2012 to 2017. Those released have been severely redacted, with whole pages missing, for no apparent reason, forcing repeat appeals and new requests.

Example of Continued FOIL Failure: NYS FOIL law allows 25 days from receipt of the request to provide the documents.

To the current date, NYCDOE FOIL continues to refuse to release personnel file documents. Requests from August, 2019, which were already requested over the prior half year; continue to receive no responsive documents. Instead, the time to respond keeps being extended, now to December 13, 2019 and January 13, 2020, 76 and 89 days after the requests were made.

### #8. Have you attempted to resolve these allegations with the institution through an internal grievance procedure, appeal or due process hearing?

Answer: YES and NO.

The answer to this is that while I was not allowed any procedure or due process whatsoever, there is extensive documentation of my efforts to correct the errors and problems.

At all times, without exception, they abused every opportunity by using them to make further attacks on my civil rights.

### #9. If filed with other Federal Agency…

**Note on EEOC Involvement and Referral:**

This was attempted, and I was informally referred by EEOC to the USDOE OCR.

On October 31, 2019, I went to the EEOC offices, and attempted to file the charges and full complaint there, having had the mandatory pre-filing interview by telephone.

They told me that they do not enforce with ADAAA or The Rehabilitation Act, and that I had to see you or another agency. At that time I did not know that they could have accepted filing the charges, and directly referred it over to OCR. They did not get to looking at the record on line, and see that I had already done the interview, and that they should have automatically accepted my charges to file. I was so shocked that it did not occur to me to insist that they do, although they might have refused.

The first date I had a reasonable amount of documents was July 12, 2019.

Each time I receive correspondence from NYCDOE, the content is so horrific that I cannot process it at once. Further, reading over one document reveals facts about others, requiring continual review and rereading of each, to put together the pieces.

The EEOC has very specific requirements prior to being able to file charges with them. Their format and process is very different from OCR.

First you have to do an Inquiry, which I did twice, on 8/1/2019, and again on 9/24/2019, as the first one was no longer available.

The EEOC will not allow charges to be filed until you have a lengthy interview with them, but the only way to sign up is on line, and they are booked up over a month in advance.

I am a religiously observant Jew, and Jewish holidays and observance require considerable preparation and labor before, during and afterwards. This year the Jewish High Holiday season started with Rosh Hashanah on September 29, 2019, then Yom Kippur on October 8, 2019, and Succos ended on October 23, 2019. It was impossible to do any substantive business over those weeks.

I finalized my charges and documents, and on October 31, 2019, I went to the EEOC office in Manhattan, expecting to file charges, and needed to speak with someone to do that. No one was going to be available, and I was going to have to return a week or more later.

The director happened to hear that I had come from New Jersey, and offered to take a quick look at my documents.

He informed me that EEOC did not have jurisdiction over ADA and The Rehabilitation Act, due to it being a school related complaint.

The written complaint format used at EEOC is completely different from OCR. Also, it assumes that the person will be present physically to review documents.

Since that date, I have been diligently laboring over these documents which I now finally submit to the Office of Civil Rights.