UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Lise Rubin,

                                Plaintiff,        20-CV-10208

                                                 **PROPOSED CORRECTED**

          -against-                     **COMPLAINT**

NEW YORK CITY BOARD OF EDUCATION, *et al.,*    2/19/2021

                                                 **Jury Trial Demanded**

                                Defendant(s),
-------------------------------------------------------------X

**DEFENDANTS:**

**Agency / Governmental:**

1. New York City Board of Education
2. New York City Special Commission of Investigation

**Defendants Individually, and/or as Public Officers Acting under Color of Law.**

**Positions at NYC Special Commissioner of Investigation:**

3. Anastasia Coleman, Commissioner of SCI
4. Daniel Schlachet, First Deputy Commissioner of SCI

**Positions at New York City Board of Education:**

5. Susan Epstein, Director of Compliance and Contracts, Office of Related Services ORS
6. Katherine Witzke, Principal, Public Elementary School M009, Sarah Anderson School
7. Ilene Altschul, Superintendent, Manhattan District 3
8. Howard Friedman, General Counsel
9. Henry Bluestone Smith, Chief of Staff, Office of General Counsel
10. Joseph A. Baranello, Deputy Counsel & Chief Privacy Officer
11. Toni Gantz, Executive Deputy Counsel, Employment & General Practice
12. Ilene Lees, Director, Office of Special Investigations OSI
13. Christine Novak, OSI Deputy Director
14. Julia Busetti, Agency Attorney
15. Michael van Biema, Executive Director, Office of Related Services

16. Alexis Lantzounis, Supervisor of Occupational Therapy, Manhattan District 3

17. Katherine G. Rodi, Esq., Executive Director, Office of Employee Relations

18. Geraldine A. Cullen, Grade 2 Teacher, P.S. 009, Sarah Anderson School

-----------------------------------------------------------X

Plaintiff LISE RUBIN, complaining of Defendants herein, alleges, upon herself and her own actions, and upon information and belief as to all matters:

## JURISDICTION AND VENUE

1. This is a civil action based upon Defendants New York City Board of Education and New York City Special Commissioner of Investigation; and the named individuals; in violation of the Rehabilitation Act of 1973 ("The Rehabilitation Act"), and the Americans with Disabilities Act ("ADAAA").

2. The jurisdiction of this Court is invoked pursuant to 29 USC Section 794a and 42 USC Section 12203, Title V.

3. Venue is proper pursuant to 29 USC Section 1391 because a substantial part of the events or omissions giving rise to this cause of action, including unlawful employment practices alleged herein, occurred in this district.

4. The jurisdictional prerequisites to commencing this action have been satisfied. Plaintiff had filled a Charge with the Equal Employment Opportunity Commission and was issued a Right to Sue letter on September 5, 2020. This action is filed within ninety (90) days thereof. (Attached)

5. **Place of Employment:** The Sarah Anderson School, M009, District 3, 100 W 84th St, New York, NY 10024, where Rubin started working on November 12, 2017.

6. **Employer:** The NYC BOE, or New York City Schools District, has been Plaintiff's sole employer since 2011, both directly, through the RSA (Related Services Agreement)

staffing system; and one time, through a NYC BOE ORS (Office of Related Services) Vendor. R.S.A.s (Related Services Agreement), are vouchers for parents to obtain services.

## Cause of Action

7. The jurisdiction of this Court is invoked pursuant to 29 USC Section 794a and 42 USC Title V. Section 12203.

**8. A. Federal Claims** This employment discrimination lawsuit is brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer. - Retaliation against Advocacy for students and children with special needs; and refusal to participate in various prohibited schemes. Whistleblowing on students being defrauded of mandated services.

**9.** Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability. Retaliation against Advocacy for students and children with special needs. Whistleblowing on students being defrauded of mandated services, and being provided with grossly substandard services.

10. Possible Claim under Fair Labor and Standards Act, due to continual demands to work without compensation. And the ADEA, Age Discrimination

**11. B. Other Claims:** In addition to my federal claims listed above, I assert claims under: New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of retaliation for advocacy of children with disabilities.

12. New York State Labor Law 740 / 741 - Unlawfully terminated in violation of *Labor Law* §§ 215, 740, and *741*, in retaliation for complaints; in severe Bad Faith, warranting a Civil Penalty.

13. New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual disability advocacy retaliation.

**14. Additional Claims:**

Defamation: Slander, Libel, Libel per se

Spoliation of Evidence

Fraud

### IV. Statement of Claim

**15. A. Adverse Employment Actions**

The defendants in this case took the following adverse employment actions against me:

Wrongful Termination

Multiple false accusations

Continual coercion to violate student rights, and state, federal and local education and professional laws

Causeless removal of clearance to work, with no reason ever given; followed by refusal to restore

Failure to Restore clearance

Failure to Rehire

Denial of Professional Reference, causing permanent unemployment

Continual coercion to do additional work without compensation

Harassment and creation of a hostile work environment

Retaliated against me

Failure to compensate for work done

Provided me with terms and conditions of employment different from those of similar employees.

Disparate Treatment, falsely accusing me with empty allegations of wrongdoing, while refusing to investigate and stop others from openly defrauding students and violating laws.

16. **Harm caused to Rubin by Epstein, Witzke, Cullen & Others:**

    Subjected to notoriety, defamation, slander, libel, libel per se.

    Humiliation, emotional pain and suffering.

    Loss of employment.

    Loss of payment for 2017-2018 year services and expenses, including extra compensation for time spent on SESIS outside of school.

    Loss of collegial relationships.

    Loss of future employment and future income; which caused lower social security amount.

    Forced to start social security early, also resulting in a lower monthly amount.

17. The false accusations here, inherently defamatory that an SCI / OSI complaint had been filed against Rubin, or that she was "under investigation", when she was not; were used against Rubin in the future by the same Defendants.

## FACTS

18. The Plaintiff Rubin is a professional occupational therapist, school psychologist and special educator with over 40 years of professional experience. Rubin's work has included teaching university level courses, and providing field supervision, in occupational therapy and special education.

19. The Complaint pertains to Rubin's attempts to improve services to the students in her caseload at M009, which were grossly substandard and in noncompliance at the time she started.

20. Rubin was continually harassed to engage in practices which were violations of law, against the interest of her students, and also without compensation, by Principal Kate Witzke, and Occupational Therapy District Supervisor Alexia Lantzounis.

21. Starting in June, 2018, vicious retaliatory attacks, of multiple false complaints to SCI and OSI, based on Rubin's student advocacy, using a Letter to Parents explain student rights and how to obtain compensatory services; there was a precipitous removal of clearance; and which were led by Witzke, teacher, Cullen, by Susan Epstein, the Director of Compliance and Contracts, for the Office of Related Services (ORS); and supported and encouraged by Michael Van Biema, Executive Director of the ORS.

22. In March, 2019, responsive to Rubin's report, A *State Special Education Complaint and Therapist's Compliance Audit,* documenting the severe noncompliance at the school in her absence; which is protected advocacy for students; the harassment escalated, and was endorsed and actively aided by the Office of Special Investigations (OSI), the Commissioner of Special Investigations (SCI), Anastasia Coleman and the SCI Assistant Commissioner, Daniel Schlachet, who made fraudulent statements to justify continued violation of Law and hostilities towards Rubin.

23. This was in open concert with the Office of Legal Services, from Joseph Baranello, Chief Privacy Officer in the FOIL Unit; to Henry Bluestone Smith, Chief of Staff; all done with the continuous knowledge and failure to intervene, of Howard Friedman, General Counsel;

23. all fraudulently refusing to recognize both Whistleblower status and Federal, State and City laws, including ADA and the Rehabilitation Act; in a massive betrayal of the Public Trust.

24. This was followed by making false claims in April, 2020, in the use of openly fraudulent and defamatory documents in their response to the EEOC, by Julia Busetti, Attorney.

## VI. RELIEF

25. The relief I want the court to order is:

26. Judgment against Defendants in the form of and/or for compensatory, pension, medical benefits, emotional, physical, and punitive damages (where applicable), lost pay, front pay, interest, injunctive relief, reinstatement to position at M009, or comparable placement and/or other professional work in development of staff training.

27. Plaintiff also demands judgment against defendants for each cause of action and for all and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including but not limited to, the clearing of her personnel file of any wrongful disciplinary actions and a permanent injunction enjoining Defendants and its agents from any further actions abridging Plaintiff's rights.

28. Plaintiff, if able to locate legal representation, further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: December 3, 2020    Correction: February 19, 2021

Respectfully Submit,

*S / Lise Rubin*   Electronically signed.
Lise Rubin
677 Kent Ave.
Teaneck, NJ 07666
917-513-2630