UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Lise Rubin,

                              Plaintiff,       20-CV-10208

            *-against-*                            **MOTION SANCTIONS ON DEFENDANTS' COUNSEL; AND RELIEF**

NEW YORK CITY BOARD OF EDUCATION, *et al.,*

                              Defendant(s),

---------------------------------------------------------------- X

**Hon. Katharine H. Parker, U.S. Magistrate Judge.**

Plaintiff seeks an initial conference meeting by phone or Zoom during July.

Plaintiff has previously documented the wayward and disingenuous behavior demonstrated by Defendants' counsel, Mr. Ryan Nasim. To date, Mr. Nasim has failed to make Service for either the (dishonest and grossly distorted) motion he filed on June 22, nor for his late appearance on June 23. Should not he first appear, and then file a motion? Is the June 22 Motion even permitted?

Both FRCP and Local Rules require that electronic service may only be made with consent, and the local rules require that the recipient be on automatic receipt of entries. Mr. Nasim knows I am not automatically receiving entries, and I told him directly to serve me with hard copy documents. And now, late today, Mr. Nasim sent me an email in which he wants to delay the conferences and plan dates, **and he wants them on Yom Kippur and Succos**. These are impossible requests.

Plaintiff has repeatedly offered to help him understand the nature of the complaint, and to even go over the proofs, but he refuses to communicate. He refused to respond to my email last week. The only way to resolve this matter is cooperatively.

This matter is very complex, and I am the only one who actually knows what happened and how events and people are connected. Left to his own devices, Mr. Nasim is going to locate a little data, and then spin an entirely fictional tale, forcing me to spend weeks and months undoing the lies, and forcing the court to study it all to arrive at what is in reality simple truth. This is going to waste court resources and will not serve justice. Instead it will be a descent into madness. I object.

This Court is allowed to effect discipline and give relief:
> Local Civil Rule 1.5. Discipline of Attorneys
> (f) Remedies for Misconduct. The remedies provided by this rule are in addition to the remedies available to individual District Judges and Magistrate Judges under applicable law with respect to lawyers appearing before them. Individual District Judges and Magistrate Judges may also refer any matter to the Chief Judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief pursuant to this rule.

There are only 2 cures for the problems Mr. Nasim is causing:
1. Whenever Mr. Nasim enters false and misleading statements in documents to the court, or to myself; for the court to allow a Motion on Findings of Fact and Law to correct the record,

   so that there will be a growing body of established facts, instead of mounds of innuendo, and growing chaos;  and
2. For there to be telephone conferences at least every 2 weeks, with plans and stipulated agreements along the way.

In the meantime, I ask the court to grant Plaintiff to present more formally the proofs submit to correct some of Mr. Nasim's erroneous statements. He should not be allowed to demonstrate such a failure to show candor to the tribunal. His falsehoods should be corrected and entered into the records as fact and law.

Preliminary Events in Fact and Law:
1. That the Letter to Parents, dated June 21, 2018, helping them obtain compensatory services, was protected advocacy and that it was integral to my opposition to practices forbidden by state, federal and city law.

2. That the *Special Education Complaint and Therapist's Compliance Audit* from March, 2019, was Protected as both advocacy and opposition.

3. That the complaint was validated by the New York State Education Department, Special Education Quality Assurance, which reported compliance failure rates similar to mine, and placed CAPS (Corrective Action Plans) reflecting that, including directing NYC DOE to train personnel on how to legally create and amend IEPs.

With these simple realities in place, we can move ahead with a simple path forward.

The Defendants have made my students, their parents, myself and other therapists and personnel suffer needlessly for years. They waste outrageous amounts of public tax funds to avoid providing good services, instead of providing good services. Firm limits must be set to their unconscionable ways.

Dated: June 30 2021
Respectfully Submit,

        *S / Lise Rubin*  Electronically signed.
        Lise Rubin
        677 Kent Ave., Teaneck, NJ 07666
        917-513-2630

As Defendants are on Automatic Notice, They are served electronically.