```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          20-CV-10208
-----------------------------------------------------------X
Lise Rubin,
                              Plaintiff,       REQUEST FOR
                                                RECONSIDERATION
            -against-                           OF ORDER OF PRIOR RESTRAINT:
NEW YORK CITY BOARD                             AN ONEROUS AND PUNITIVE
    OF EDUCATION, et al.,                       ORDER; & ALL DENIALS.
                              Defendant(s),    DOCKET #39
----------------------------------------------------------- X
```

**Hon. Katharine H. Parker, U.S. Magistrate Judge.**
Notice has already been given that the date selected for the Conference, September 8, is Rosh Hashanah, and it is not possible for Plaintiff to attend. Notice gave the only available 3 other days in September.

Plaintiff requests that this Court reconsider the Denial Orders made in Docket #39.

First, it incorrectly states that Plaintiff failed to seek a conference. Plaintiff sought a conference in Docket #28, Entered on 7/1/2021. Line number one. The Court did not respond. Due to all the warnings and prohibitions, Plaintiff has not made a phone call to the Court until a week ago.

The second reason given for all adverse responses is that a motion was made at all, without a conference. Yet Defense filed *Motion for Extension of Time to File Answer*, Docket 27, on 6/23/2021. And the ORDER itself has made it impossible to "cure" the "error" and ask (again) for a conference. The Court failed to act for 3 weeks. Yet what discipline has it made to the attorney?

Third, The Court's general allowing of "Letter Motions" is insufficiently defined. When is a letter a Motion, and when is a Motion really a Letter?

Fourth, The Court appears to be stating that no Discovery is allowed prior to the conference, while the Conference form itself has a section which asks the status of discovery requests already made.

Fifth, while the "motions" were denied "Without Prejudice"; given the simultaneous directive to not enter any motion or plea; while not scheduling or allowing the scheduling of said mandatory conference to discuss; and while setting the routine Case Conference for September; taken together, it is a Dispositive Ruling. At that time, the Court is not going to be willing to hear this matter seriously. Plaintiff has been "prejudiced". To the benefit of the wrongdoer attorney.

Sixth, all of Defense's entries have been broadly outside of the Rules. This is not Plaintiff's fault, yet Plaintiff is being severely punished for Defense's errors.

Seventh, if The Court were to Strike said ill filed documents, then the agenda for a conference would be quite different. Potentially, if the Rules are taken seriously; and all the entries have been nullified; Defense has, indeed, Failed to Appear, and thus Defaulted. It seems clear that this Court does not intend to take this matter, of the Defense Attorney failing to provide service on anything, seriously. But it has a duty to do so.  Is this significant anti- Pro Se party bias at play?

Eighth, perhaps there is a middle ground, but this Court has not allowed Plaintiff's requests for such, as suggested in many entries. Court has not allowed for any means to address the issues.

Ninth, The Court has seen fit to Deny all of the requests for addressing the Defense's continual errors, each Request filed as the accumulating errors were made and/or noticed, starting on June 22, 2021; and continuing to this week, date July 12, 2021, that being 3 weeks. The Court failed to address any of these Requests; or the underlying problems. And now Summarily denies them all?

Tenth, in fact, the Court has a duty to have these deficiencies, made by the Defense; addressed; and all the more so as they have been against a Plaintiff without an attorney.

Eleventh, this Court has placed an Extraordinary and Onerous Order, by Ordering a Party to not file or plead anything for two months; with no means of exceptions or limitations; no way given for relief. This is a substantive Threat to Plaintiff's constitutionally protected rights to Petition.

Finally, the Court made this extremely harsh and severe Order, and did so absent any discussion. It allowed no recourse. Whereas, in fact, there is a Pressing and Major issue which Plaintiff must bring forward at this time. Thus, by so ordering, this Court has affirmatively denied Plaintiff's essential rights.

**Relief:**
Reversal of the summary destruction of Plaintiff's Petitioning Rights.
That this Court take upon itself the duty to cause Attorneys-at-bar, who appear in their courts, to hold themselves to the FRCP, and others; and to not simultaneously demand superior adherence to persons without an attorney.

It is deeply hoped that some sort of Relief be devised, as if not, Plaintiff is forced to Appeal. This Court's Order, Docket #39, is a cruel and unfair burden to place on this individual.

.

Dated: July 13, 2021

    Respectfully Submit,

        *S / Lise Rubin*   Electronically signed.
        Lise Rubin
        677 Kent Ave., Teaneck, NJ 07666
        917-513-2630

In light of the Jewish holiday, the conference originally scheduled for September 8, 2021 at 12:15 p.m. is hereby canceled and rescheduled to **Thursday, September 9, 2021 at 12:00 p.m**. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York. Please plan to arrive at the courthouse early enough to clear security, so that the conference can begin promptly. Counsel and parties are required to follow the Court's COVID-safety protocols and should review the Court's website in advance of the conference for the most up to date information. The Clerk of Court is respectfully requested to mail a copy of this order to the Pro-se litigant at the following address: Lisa Rubin, 677 Kent Avenue Teaneck, NJ 07766 and to mail a copy of this order, and the complaint to the New York City Law Department 100 Church Street New York, NY 10007.

Page | 2

*Katharine H. Parker* 7/14/2021