USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISE RUBIN,

                              Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, et al.,

                              Defendants.

**ORDER**

**20-CV-10208 (LGS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On January 24, 2022, Plaintiff filed a complete version of her Second Amended Complaint ("SAC"), together with eight exhibits. (ECF No. 177.) The SAC itself is 170 pages. Although the Court previously ordered Plaintiff to complete the filing of her SAC by January 20, 2022, the Court will excuse the late filing and accept the document at ECF No. 177 as the operative Second Amended Complaint. This pleading supersedes the partially filed versions at ECF Nos. 156 and 173.[1] It also renders prior complaints a nullity.

To the extent Plaintiff has stated in ECF No. 178 that she intends to refile the attachments with an Index, this is not necessary. The Court reminds Plaintiff that Federal Rule of Civil Procedure 8 provides that the complaint must contain a short and plain statement of the claim. The 170-page document with exhibits exceeds what is required in the rule.

At this point, no further filings from Plaintiff are necessary. The next step in the case is for Defendants to respond to the SAC either through an Answer or a Motion to Dismiss. Because Defendants indicated a desire to file a motion to dismiss, the Court's previous briefing

---

[1] The Court construes Plaintiff's request at ECF No. 178 that the earlier versions be "terminated" to be a request that they have no legal effect. This request is granted. The document filed at ECF No. 177 is the operative complaint going forward.

1

schedule applies. Defendants' moving brief shall be due April 1, 2022. Plaintiff's opposition brief shall be due June 3, 2022. Defendant's reply brief shall be due June 30, 2022. This briefing schedule takes into account the length of Plaintiff's SAC and the numerous claims included therein that must be addressed in the briefing. To the extent Plaintiff has objected to Defendants being permitted to file a motion to dismiss, her objection is overruled. As this Court previously explained, the strong preference within the Second Circuit is for claims and defenses to be resolved on their merits. The Court will fully consider the submissions of both Plaintiff and Defendants when resolving the motion to dismiss. **The "motion" at ECF No. 176 styled as "opposition to defense response to complaint" but labeled "motion for extension of time to file" is therefore terminated.**

Plaintiff also filed duplicate motions at ECF Nos. 169 and 170 requesting that the Court vacate its orders at ECF Nos. 158 and 167 and deny the Defendants the opportunity to submit a motion to dismiss the SAC "pending default review." To start, ECF No. 158 is not an order. **Thus, the motion to reconsider and vacate with regard to ECF No. 158 is denied.** Next, for the reasons set forth above and in the Court's Order at ECF No. 167, the Defendants will be permitted to file a motion to dismiss the SAC in accordance with Federal Rule of Civil Procedure 12. **Finally, to the extent Plaintiff is requesting that the Court reconsider and vacate its Order at ECF No. 167, the request is denied.** As a general matter, a party seeking reconsideration of an order must cite to facts or law that the Court overlooked. Local Civil Rule 6.3. This is a strict standard and the rule is construed narrowly. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016). Further, this Court is entrusted with broad discretion in overseeing discovery, including with regard to extending time to respond to a complaint,

granting extensions of time *nunc pro tunc*,[2] and determining if a discovery stay is appropriate. Plaintiff has cited to no facts or law that this Court overlooked. Accordingly, Plaintiff has failed to meet the standard for this Court to reconsider its Order at ECF No. 167.

## CONCLUSION

For the reasons set forth above, the motions at ECF 169, 170 and 176 are denied. Further, the Court does not require an Index of the exhibits to the Second Amended Complaint. Therefore, Plaintiff is requested not to file such a document.

To the extent Plaintiff has elected to participate in ECF and receive electronic filings, she is deemed to have been served by virtue of the electronic filing. This eliminates the need for paper mailing. If Plaintiff wishes to receive mail in addition to electronic notices via ECF, Defendants shall mail a copy of their ECF filings to Plaintiff's address at 677 Kent Ave., Teaneck, NJ 17666. Plaintiff shall promptly update the Court if her address changes.

**The Clerk of Court is respectfully requested to mail a copy of this order to the Pro-se litigant at the following address: Lise Rubin 677 Kent Avenue Teaneck, NJ 07766 and to mail a copy of this order to the New York City Law Department 100 Church Street New York, NY 10007.**

SO ORDERED.

Dated: New York, New York
       January 25, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[2] This Court has granted Plaintiff extensions of time after missing deadlines by accepting late filings and late requests.

4