1:20-CV-10208- LGS-KHP
Rubin v. NYCBOE et al

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
20- CV – 10208      Rubin v. NYCBOE et al
May 26, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2022

**Letter Motion for Extension of Time to File Plaintiff's Response to Motion to Dismiss**

TO:   Honorable Judge Katherine Parker
       Honorable Judge Lorna Schofield

> Plaintiff's deadline to respond to the Motion to Dismiss is extended to **July 15, 2022**. Defendants' deadline to reply is extended to **August 15, 2022**. APPLICATION GRANTED
>
> *Hon. Katharine H. Parker, U.S.M.J.*
> 5/27/2022

Dear Judge Parker and Judge Schofield;

Plaintiff seeks an extension of time to respond to the Motion to Dismiss; for Good Cause.

According to the Order at Docket #167, the response is due on Friday, June 3, 2022. Defense was given over two months to respond, while having continuously interfered with and impeded Plaintiff's efforts to complete filing of the Second Amended Complaint in January. Plaintiff was to also have two months. **In consideration of the following factors, the minimal time extension should be to July 15, 2022.**

### One: Primary Issue is Damaged Data Hardware

The primary issue is that the USB Disc which contains all of the files, research and data on this matter, was seriously damaged over a week ago. It is not known yet if the data is recoverable. If it is, it will likely take another week before it can be accessed, if the repair can be expedited. It is likely to require an expert technician to solder the storage part to new hardware.

If this extensive data, including cases and citations from prior WestLaw access, is not retrievable, regathering it will take longer.

### Two: Religious Observance Time was not considered in calculations

Pesach (Passover) was in April. It required the use of half of April for preparations, observance, and careful removal and then re-storing of an entire kitchen of items which were kosher for Pesach. In order to not exacerbate the medical condition subject to Section 504 Accommodations since December; and to not allow these proceedings to ruin the holiday period as were the religious holidays in September, over the Pesach holidays; Plaintiff was instructed to not even read the Motion to Dismiss documents until after the holiday. See Item Five Below.

Looking forward, Shavuos is in the beginning of June, and requires half a week.

### Three: Westlaw Access is minimal without a subscription

Plaintiff has no Westlaw subscription, as it costs a minimum of $2,540.00. The only means of access has been through one week long free trials a few times over the year. Nothing is saved in WestLaw after the trial ends, and any such data previously obtained had been stored on the damaged USB disc.

1:20-CV-10208- LGS-KHP
Rubin v. NYCBOE et al

A new, one week, "free trial" access is starting today. This took a number of hours of effort, over many days, to obtain. This included agreeing to a demonstration, for which Westlaw was a no show. When it runs out, there will be a delay before it is possible to have access again. Use of this access must be allowed.

### Four: Complexity and Nature of Motion to Dismiss

Given the nature and content of the Motion to Dismiss, and the significant confusion in the underlying record; the review and response must be done in an orderly and thorough manner. This is for 2 reasons, both of which should be supported: 1. To enable successful rebuttal of the Motion to Dismiss; and 2. To have sufficient specificity in preparation for an appeal if needed. This requires extended focused time.

### Five: Continued need for Section 504 Accommodations

In December, the medical basis to support Section 504 "Reasonable Accommodations" was submit. It seems that this was overlooked in January, causing problems for all of us, including severe exacerbation of the medical problem for Plaintiff. It was not "reasonable" to ascribe blame to Plaintiff for the development of this situation. The Defense caused hysteria was harmful.

Participation in U.S. Federal Court litigation should not force a person to suffer the loss of peace of mind. It is not an honorable litigation tactic.

Plaintiff requires additional time both to process information as well as to organize responses. Further, the content of Defense writings is deeply disturbing, exacerbates the underlying condition, and requires extended delays in time between tasks, such as in review and processing the information and claims.

### Results:

Assuming that the damaged USB disc can be repaired, and is received by June 8; and in consideration of the above factors; the minimal time extension should be to July 15, 2022.

**Conferring:** Notice of this request for Extension of Time has been given to the NYC Law Dept.

    Respectfully Submit,
        This 26th day of May, 2022
        S / Lise Rubin Electronically signed.
                Lise Rubin
                677 Kent Ave.
                Teaneck, NJ 07666
                917-513-2630  OTL.NewYork@gmail.com

Cc: VIA ECF
    Elisheva Rosen, Assistant Corporation Counsel
    Attorney for Defendants
    100 Church Street, Room 2-316
    New York, New York 10007
    212 (356-3522 )         erosen@law.nyc.gov

SDNY.5.25.Time