USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISE RUBIN,

                  Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, et al.,

                  Defendants.

**ORDER**

20-CV-10208 (LGS) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 4, 2022, Plaintiff filed another request for an extension of time to file her opposition to Defendants' Motion to Dismiss and for an extension of the 25-page limit for her brief. (ECF No. 202.) Plaintiff also filed a motion to strike, correct, or nullify the Motion to Dismiss. (ECF No. 203.) For the reasons stated below, Plaintiff's requests for extensions are denied. Plaintiff's opposition brief is due **today**, and is limited to **25 pages, double-spaced**, which is the same length afforded to Defendants.

**Plaintiff's request for an extension of time is denied because:** in light of Plaintiff's pro se status, the Court already granted Plaintiff numerous extensions of time to file her brief, which was originally due on June 3, 2022, resulting in Plaintiff having significantly more time than is typical to file the brief. (ECF No. 167.) In that time, Plaintiff filed numerous lengthy letters and motions, indicating that she has had the time to work on her opposition brief but has chosen to instead direct her energy toward seeking sanctions against the Defendants. In addition, Plaintiff has once again contravened this Court's rule to request an extension of time at least 48 hours in advance of the deadline.

1

**Plaintiff's request for additional pages is denied because:** it would be unfair to grant Plaintiff significantly more pages for her argument than were granted to Defendants, and because additional pages are not necessary, as Plaintiff need not include lengthy arguments about Defendants' "false claims" in this brief. To the contrary, in considering the motion to dismiss, this Court will assume that <u>all facts alleged in the complaint are true</u> and will <u>draw all reasonable inferences in favor of Plaintiff</u>, as it must. *NRDC v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). Plaintiff therefore need not prove her case in this opposition brief nor does she need to prove in this brief whether sanctions are warranted. Rather, she need only respond to the arguments raised by Defendants in their brief. To the extent Defendants' brief includes false statements or inappropriate arguments, the Court will of course take this into account in deciding the motion; even if Plaintiff submits no opposition brief, the Court will consider Defendants' arguments critically and will not simply assume the statements in Defendants' brief are true. The Court will not consider any frivolous or baseless arguments from *either* party. Plaintiff also does not need to restate anything already stated in the pleadings. In order to save space, if Plaintiff wishes to quote from the Complaint, she can simply cite the relevant page, and the Court will review the portion in question.

**As to Plaintiff's motion to strike at ECF No. 203,** this was filed without leave of the Court and prior to the October 6, 2022, pre-motion conference. To the extent the motion seeks to strike the Motion to Dismiss pursuant to Rule 12(f), the motion is denied because Rule 12(f) allows a court to strike pleadings only, and the motion to dismiss is not a pleading. *Est. of Keenan v. Hoffman-Rosenfeld*, 2019 WL 3410006, at *22 (E.D.N.Y. July 29, 2019), *aff'd*, 833 F. App'x 489 (2d Cir. 2020). To the extent this is a motion for sanctions pursuant to Rule 11 of the

Federal Rules of Civil Procedure, the Court will set a date for Defendants to respond to this motion at the October 6, 2022 conference. Defendants are not required to respond to this motion before then.

**SO ORDERED.**

Dated: New York, New York
August 5, 2022

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge