USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISE RUBIN,

                              Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, et al.,

                             Defendants.

**ORDER**

**20-CV-10208 (LGS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 13 and 14, 2022, Plaintiff filed four motions seeking (i) the Court delay a decision on the Motion to Dismiss pending a letter from Plaintiff regarding a request for an accommodation; (ii) the Court recognize Plaintiff's Opposition to the Motion to Dismiss, or in the alternative, grant Plaintiff leave to amend the SAC with a supplement; (iii) the Undersigned be recused from the case; and (iv) Plaintiff be afforded an *ex parte* conference with Judge Schofield to discuss a request for a disability accommodation. (ECF Nos. 232-35.)[1]

In light of Plaintiff's representation that she will soon submit a letter and doctor's note seeking a reasonable accommodation relating to the Motion to Dismiss, the Court will withhold issuing a Report and Recommendation on the Motion to Dismiss until it receives this letter, provided the letter and accompanying medical information are received by Monday, November 21, 2022.

---

[1] ECF Nos. 232 and 233 are identical. Plaintiff does not need to file the same motion more than once.  Any document that is filed on the docket is publicly accessible and can be viewed by the District Judge assigned to the case and the Magistrate Judge referred to the case.  Motions such as the ones at issue are properly addressed to the Magistrate Judge since my role is, among other things, to manage general pre-trial matters, including scheduling.

1

It is premature to evaluate any request to amend, so that request is denied without prejudice.

As to Plaintiff's request that the Undersigned be recused based on alleged disability discrimination, this allegation is baseless. On December 17, 2021, Plaintiff filed what was her seventh request for an extension of time to file the SAC. The letter sought an extension until December 26, 2021. This letter raised for the first time the ground that an extension was necessary due to a disability. (ECF No. 152.) The Court **granted** Plaintiff's requested extension. (ECF No. 154.) On December 29, 2021, after the filing deadline, Plaintiff filed a letter stating that technological issues prevented her from filing the SAC due to its size. (ECF No. 155.) On January 2, 2022, Plaintiff filed the SAC, which she labeled "Part I." (ECF No. 156.) On January 3, 2022, over a week after the SAC was due, Plaintiff filed under seal a letter seeking as an accommodation that she be allowed to submit the SAC in sections, and for "continued flexibility when feasible." (ECF No. 159.) Plaintiff also argued in separate filings that the SAC needed to be filed in sections because it was too large to file as one document. On January 13, 2022, the Court **granted** Plaintiff permission to file the SAC in sections by January 20, 2022. (ECF No. 167.) On May 26, 2022, Plaintiff requested an extension of time to file the opposition brief to the Motion to Dismiss, citing – as one of five reasons for an extension – a need for a reasonable accommodation. (ECF No. 190.) The court **granted** this request, along with three other requested extensions to file the brief, ultimately granting Plaintiff over two months of additional time to file the brief. Accordingly, Plaintiff's prior requests for accommodation were, in fact, granted in full.

Plaintiff's blanket request for "continued flexibility" has also been granted, as the Court has granted Plaintiff numerous extensions of various deadlines.  The Court cannot however be so flexible that essentially no deadlines or procedural requirements apply to Plaintiff – such an accommodation would not be reasonable.  The Court has an obligation to ensure a just, speedy and inexpensive determination of the claims and defenses.  Fed. R. Civ. P. 1.

On September 13, 2022, Plaintiff filed a letter motion seeking permission to file under seal medical information related to a request for an accommodation.  (ECF No. 211.)  The Court granted the request and directed Plaintiff to the request in the form of a letter to the Court of no more than two pages that clearly states what accommodation Plaintiff is requesting, and why such an accommodation is needed.  (ECF No. 230).  Plaintiff has not yet filed a letter stating what accommodation she is requesting.  If and when Plaintiff files such a letter, the Court will address it.  To the extent Plaintiff needs assistance filing the letter under seal, she should contact the pro se unit at (212) 805-0175.  Because Plaintiff's request to seek a medical accommodation has been granted, no conference is necessary and Plaintiff's request for a conference is denied.  Plaintiff should not call Judge Schofield's chambers to attempt to arrange a conference.

As to the request for my recusal, 28 U.S.C. § 455(a) provides that a judge should recuse herself when her "impartiality might reasonably be questioned," but there is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption.  *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).  A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors*

3

*Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions," *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148-51 (S.D.N.Y. 2012), objections overruled sub nom. *Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Here, Plaintiff has not met her substantial burden to show that justice mandates my recusal in this matter.  To the contrary, Plaintiff's allegations of disability discrimination are entirely unfounded.  Indeed, this Court has granted every request for a reasonable accommodation to date.  Accordingly, Plaintiff's request for my recusal is denied.

**The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 226, 232, 233, 234, and 235.**

SO ORDERED.

Dated: New York, New York
       October 18, 2022

*Katharine H Parker*
KATHARINE H. PARKER
United States Magistrate Judge