Rubin v. NYCBOE
20-CV-10208-LGS-KHP

As Defendants have complied with the Court's Order at Dkt. No. 259, the application is **DENIED**.  As Plaintiff was advised in that Order, no further extensions will be granted, and any late objection will not be considered.  Plaintiff is reminded that her deadline to file written objections to the Report and Recommendation is February 2, 2023.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

Dated:  January 31, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Rubin v. NYCBOE
20-cv-10208-LGS-KHP

**Further Letter Motion for Stay pending receipt of Cases Cited.**
**[Continuation from Docket #256, #257, #258; Responsive to Order #259]**
**Responsive to <u>New Motion to Dismiss</u>; &**
**Local Rule 7.2, and Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).**

Dear Honorable Judge Schofield;  **Applicability of 28 USC Section 455**                January 30, 2023

Please note that both Judge Parker and the NYC Law Department have continually, and generally falsely, accused me of violating various rules; while they act outside of them, and where Judge Parker continuously helps them out when they fail to use the relief allowed in the FRCP.

According to Local Civil Rule 7.2, I should have been provided copies of cases cited by the NYC Law Department personnel:

> **Local Civil Rule 7.2. Authorities to Be Provided to Pro Se Litigants**
>
> In cases involving a pro se litigant, counsel shall, when serving a memorandum of law (or other submissions to the Court), provide the pro se litigant (but not other counsel or the Court) with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases. Upon request, counsel shall provide the pro se litigant with **copies** of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.
>
> COMMITTEE NOTE
>
> The Committee recommends the addition of an additional sentence to Local Civil Rule 7.2 in order to facilitate compliance with the decision of the Second Circuit in Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

It appears that the additional sentence was not added.

In Lebron v. Sanders, 2nd Cir. 2009, it concluded:

> Furthermore, we remind counsel of the new **obligation** imposed by local rules of the Southern and Eastern Districts of New York to provide *pro se* litigants **with copies** of ........................................ .rted exclusively on computerized databases that are cited in their submissions to court.

While I have been subjected to abuse for seeking extensions, even to obtain access to data bases, by Judge Parker and the N.Y.C. Law Dept.; the situation has usually been my being diligent and their accusations badly placed. Judge Parker, in her Individual Rules requires WestLaw citation. She has never enforced this on the NYC Law Department. A WestLaw subscription starts at $2,540.00, and must be for the full year.

However, when, In July, 2022, I had finally obtained a 10 day, temporary access to WestLaw, and included that in the reason for the extension [Docket #192, 7/14/2022], Judge Parker responded:

"Plaintiff's *<u>extended</u>* access to Westlaw… (is) not a compelling reason for an extension…"

It was not "extended". That was false. She made it up. I had not had access for half a year. She also failed to instruct NYC Law to provide me with the cases.

Rubin v. NYCBOE
20-CV-10208-LGS-KHP

Further, my family came down with serious COVID cases, and I wrote that "I was forced to spend all day helping them…" [Docket #193, 7/18/2022]  In fact, the need for assistance was longer. Yet in her response, Judge Parker wrote:

> The fact that two of her family members were diagnosed with **_asymptomatic_** cases of COVID-19 … is not a compelling reason for an extension (Order at #196, 7/20/2022)

Again, this is false. The cases were not "asymptomatic", but close to requiring hospitalization. And my close neighbors came down with it, likely from the same source, further requiring my assistance. I could not leave them to not eat or drink for days. Judge Parker's response changed the facts to make me look foolish. She has done this continuously. She is not allowed to lie.

I have been further wrongfully criticized about my being highly disciplined, due to my professional education and experience, to not make any claims or statements without possessing the proof. When others make false statements, I require having in my possession hard evidence to refute. Judge Parker and the NYC Law would do better to follow my example, then to attack it.

In the course of doing the research for this, I have found that Judge Parker was wrong (Oct. 2022 hearing), about the defendants being required to include the **_Outside of the Pleadings Warning_**. No Outside Pleading means no warning. See Local Rule 12.1. Motion for Sanctions is correct.

**Objective and Actual Bias and Partiality, per 28 USC Section 455(b)**

This intentional falsification has been a continuous phenomena, and proves not "merely" the appearance of partiality, as set out in 28 US Code Section 455(a); but is instead actual and objective bias and partiality, pursuant to Section 455(b).

**Status of Case Receipt & Compliance with Local Rule 7.2.**

It is true that Ms. Rosen sent the cases, electronically. However, I had requested both electronic and hard copy, for good reason, including that I require hard copy print outs to make notations, and due to eye strain issues.

The cases were sent as large collections, with 5 attachments of from 29 to 91 pages each, for a total of 324 pages.  I asked for separate attachments.

There is no table of cases, nor reference to what section they are connected. The only way I can figure out what is in them and where is to print out a 16 pages per page listing, and then to manually go through them and note what and where they are. For example, the shortest and last one has 29 pages, which printed out to 2 pages of 16 each page. The first 16 pages has 6 cases.

For me to print out all the cases on my home ink jet printer, collate and staple them, will take much of a day, at least one ink cartridge, and close to a ream of paper.

**Compliance with Lebron v. Sanders, 2ⁿᵈ Cir. 2009**

In **_Lebron_**, he was given hard copies of all the cases, and a substantive time extension of 30 days, to enable him to study and integrate the content into his responsive pleading.

I have only been given the cases electronically, and not in an organized or useful manner. There is no list of the cases, nor even the pages on which they appear. I have never received the cases in any other submissions by the N.Y.C. Law Department, nor from Judge Parker's orders.

Meanwhile, they have made excessive and grotesque use of Sua Sponte  actions, at all times to my disadvantage, resulting in a 99.9% probability that all of this completely biased activity has been overtly intentional, and thus, objective, according to 28 USC Section 455(b).

Rubin v. NYCBOE
20-CV-10208-LGS-KHP

**Responding to 5 and New Sua Sponte, on top of the entire mess:**
Judge Parker's "Report" does not adhere to any of the standards, as has been the case in all of her Orders. Instead it is an additional, **Second, Motion to Dismiss**.

Given the mess of the Report / aka **Second Motion to Dismiss**, your only allowing me 2 additional pages is grossly unfair. The 10 allowed pages is not enough to rebut the other nonsense, and to also bring forward the dozens of things which have been intentionally omit. It appears that much of it is just the proverbial "throwing mud and hoping some sticks". But I am forced to dig it all up and correct it. This is not my fault. Continuing Violations will take at least 5 pages to set out the timelines and actions.

One cannot respond to a Sua Sponte claim in one sentence, nor generally in a few hours, not if one is thorough and seeks to actually debunk the claim. One or two sentences per Sua Sponte, cannot reasonably be seen as having an "opportunity to be heard". Instead, you are denying me any opportunity. Limits should have been set on Judge Parker and on the NYC Law Department to avoid this situation.

As an example, I spent 3 hours on one, the false one year statute of limitations for NYS LL 741. That was the easiest one. I knew that it had been 2 years for a long time, not the one year Judge Parker incorrectly claims. I had to locate a way to get the legislative history and track it backwards. It turns out that LL 740-741, for 741, had the 2 years going back to 2014. But it was located in LL 740, as is the current timeline. I knew about that also.

**Result:**
The current Order (#259) and situation are unreasonable and overtly unfair. I have been denied a hearing at all, let alone a fair one.

I am thorough and I am honest, and I should be treated with respect.


**Request for Relief:**
Printed out, hard copy of all of the cases, with some sort of table or chart as to where they were cited.

Similarly, electronic and hard copies of all the cases referenced in NYC Law's brief responsive to the Opposition to Motion to Dismiss.

- And for all future documents to include both, and for the timelines not to start until I have received the hard copies.

I request a 2 week extension and 3 additional pages for each Sua Sponte, for a total of 25 pages. Thank you.

> Respectfully Submit,
> This 30th day of January, 2023
> > / Lise Rubin Electronically signed.
> > > Lise Rubin
> > > 677 Kent Ave. Teaneck, NJ 07666
> > > 917-513-2630 OTL.NewYork@gmail.com

Cc: VIA ECF
> Elisheva Rosen, Assistant Corporation Counsel, Attorney for Defendants
> 100 Church Street, Room 2-316, New York, New York 10007
> > 212 (356-3522 )       erosen@law.nyc.gov