Rubin v. NYCBOE  20-cv-10208-LGS-KHP
PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S "REPORT"
AKA SECOND MOTION TO DISMISS
**SUBMIT, PREMATURELY, IN PROTEST**
**PLAINTIFF NOT ALLOWED SUFFICIENT TIME OR SPACE.**
**PLAINTIFF AFFIRMS THAT OBJECTION IS MADE TO ALL STATEMENTS OF FACT, OF LAW, AND CONCLUSIONS.**
**DEFENDANTS FAILED TO PROVIDE CASES.**

February 2, 2023

This document starts by protesting the overt and pervasive Improper and Actual Partiality and Bias Against this one Plaintiff; and which apparently is what this Court does to large numbers of self-representing civil rights victims of the NYC Schools, and represented by 800 attorneys.

**Vigilante Judges: Attacking Civil Rights Victim, Aiding and Protecting the NYC Law Department**

Judge Parker, and apparently Judge Schofield, believe that they are on a mission, to get rid of self-represented civil rights victims.

Plaintiff has been deprived of sufficient time and space to respond and debunk the entire 47 page "Magistrate's Report", which is really a Second Motion to Dismiss. The Report is almost entirely fiction, both facts and law. All errors are in the direction of helping NYC Law and harming the Plaintiff. This does not happen randomly. Only intentional behavior can create this effect.

**Why No Objection from NYC Law?**
Answer: The Report is made for them, to meet their needs.

The document docketed at #255, filed January 6, 2023, by Magistrate Judge Katharine Parker, purports to be a *Magistrate's Report and Recommendations*, responsive to a Motion to Dismiss. Due to its massive failure to conform to the minimal standards for a Magistrate's Report reviewing a Motion to Dismiss, as well as more substantive problems, it has no validity whatsoever as a Magistrate's Report. As such, it must be vacated.

**All Times and Periods Given are False.**
Objection: As in the Motion to Dismiss, the basis for all the time and statutory time limitations is based on one grossly incorrect date, claiming that the only date to use is when the Complaint was initially filed in NYSD, December 3, 2020. As a result, none of dates or times used in the entire document are valid, and cannot be used. As a result of this, all applications to it, be it facts or law, are invalid, and void.

**What, if any, are the affirmative uses for this document?**
Prior to reviewing the inability to use the January report as an intended Magistrate's Report on a Motion to Dismiss, we will examine what it does prove.

**The January, 2023 Report Validates Plaintiff's Motion for Sanctions; confirms Judge Parker's improperly motivated actual partiality and disrespect for the FRCP, Local Rules and Truth.**

**The January Report Validated the Motion for Sanctions:**
Docket Entries: #203, filed 8/4/2022, including the Safe Harbor Warning Letter served solely on defendants, July 27, 2022; #211, 211-1, 211-2, 211-4, 8/24/2022.

The Motion for Sanctions was based on the following:
1. Fraudulent Declaration of Attorney Juarez in support of Motion to Dismiss, Docket #188, 188-1, by fraudulently submitting the EEOC document as a Matter Outside the Pleadings.
2. Improper claim of presentation of a Matter Outside the Pleadings, to convert the proceeding to Summary Judgment.
3. Improper presentation of Rule 56 warning to Pro se, Docket #189.
4. Fraudulent claim of baseline date for statutory limitations based on date of March 31, 2020, when plaintiff signed the finalized claim to NYC Law Dept.; Defendants had also received Notice from EEOC in Nov., 2019; and where an EEOC claim is also a NYS Division of Human Rights claim.
5. The use of the false date of 3/31/2020 in relation to the Notice of Claims, and had falsely claimed that the EEOC claims ignored the actual content of the EEOC documents, falsely alleging it only referred to "claims on behalf of students". Outright Lies.
6. The use of the date 3/31/2020 anywhere in the Motion to Dismiss was false. As a result, all dates or times used in the entire document are invalid; all of the applications to it, be it facts or law, are invalid.
7. Astoundingly, the same type of intentional error has been repeated in the Report, this time falsely using December 3, 2020 as the baseline date. As a result, all of the dates and times used in the entire Report are invalid. All applications to it, be it facts or law, are invalid.
8. Fraudulent misrepresentation of claim of service failure of individual defendants.

The Relief requested, which should have a corrective effect and provide future deterrence; included striking of the Motion to Dismiss; to Order Corporation Counsel to develop training for NYC Law and NYC BOE to cease and desist in current practices of making false accusations against persons who advocate for students, who have a right to advocacy; and to develop a method to affirmatively screen out advocacy retaliation actions.

**Additional Information on Service:**
**Office of Legal Services, also known as the NYC Law Department, pulished**
**Litigation and Schools  Spring, 2021**
The Method of Service instructed in this guide is what was done in the case.
Note that the entire document, while it includes Notice of Claim, has no mention whatsoever about NYS Ed Law 3813, and instead gave misleading information about the Controller and who to bring a Notice to.

    **Results:**
    The January Report did not use the date of March 31, 2020 as the baseline for anything.
    The Report did not recognize conversion to Rule 56.
    It rebutted the service failure claim, although with a bad faith explanation.

At the October, 2022 conference, Judge Parker claimed that filing the "Notice to Pro Se Litigant … Supported by Matters Outside the Pleading" – is required under the Rules. This is false. Local Rule 12.1 **only** requires the warning IF using Matters Outside the Pleadings. The claim itself was false, as nothing outside the pleadings was presented.

> Local Civil Rule 12.1. Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Fed. R. Civ. P. 12(b) or 12(c), shall serve and file the following notice with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served.

Plaintiff precisely followed the FRCP on seeking sanctions, including sending a motion to the

defendants first, with the warning, which was done on July 27, 2022, which allowed 21 days, until August 17, 2022, to remove the problematic documents, which they failed to do. This Court had a duty to hear the motion at that time, and to apply the sanctions. This Court has repeatedly claimed the supremacy of various rules over others, including individual rules over the FRCP. This is not allowed.

Further, the Motion for Sanctions is a cross pleading, and had to be fully served prior to answering the Motion to Dismiss. This was filed on 8/24/2022, giving the Defendants an extra week to comply, which was the day before the Opposition to the Motion to Dismiss was due. The Motion for Sanctions should have been recognized as superceding the 8/25/2022 deadline for the Opposition, and the Opposition should have been accepted the few days late.

Further Rule Violation pertaining to Motion to Dismiss: Local Rule 7.2 requires:

> **Local Civil Rule 7.2. Authorities to Be Provided to Pro Se Litigants**
> In cases involving a pro se litigant, counsel ***shall, when serving*** a memorandum of law (or other submissions to the Court), provide the pro se litigant (but not other counsel or the Court) with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases. Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.
>
> **COMMITTEE NOTE**
> The Committee recommends the addition of an additional sentence to Local Civil Rule 7.2 in order to facilitate compliance with the decision of the Second Circuit in Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009)

In Lebron, he was given 30 days after receiving the documents.

The rule requires that defendants automatically, without prompting or requests, provide the cases. To date, Defendants have failed to ever follow this rule, not for the Motion to Dismiss, not for Defendants' Docket #252, 12/13/2022, Reply Memorandum of Law to support Motion to Dismiss, nor any other filing. Plaintiff requested them recently, and still has not received them. In regards to providing the cases for the court, Plaintiff specifically sought paper copies, and has not received them. Plaintiff should have 17 days from receiving them to file these Objections, but has not been allowed by Judge Schofield as an Order, but that does not negate the duty.

**Local Rules are Limited by FRCP. Rule 83. So are Individual Judge's Rules**

> The "Second Circuit has made clear that an Individual Practice cannot impose requirements not found in federal law or the Federal Rules." citing Murungi v. United States (2nd Cir. 2002)

Certainly, if Rule 83 and other decisions find that Local Rules, which at least have a procedural process for approval; then certainly no Individual Judge's Rules may thwart the FRCP:

Rule 83 limits Local Rules:

> Rule 83. Rules by District Courts; Judge's Directives (a) LOCAL RULES. (1) In General. After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with—but not duplicate— federal statutes and rules…

The NYSBA, Committee on Federal Judiciary, was so concerned about problems created by local rules and local practices, that they published a practice guide. Excerpts:

> **Because civil rules in federal court should promote "t**he just, speedy and inexpensive determination of every action,"2 *compliance with Individual Practices on procedural or*

*substantive issues should make adherence to the requirements of the Federal Rules of Civil Procedure easier.* 3

3 See Camacho v. City of Yonkers, 236 F.3d at 112, 113 (2d Cir. 2000) ("[W]e respectfully request that the district courts examine court rules and individual judges' rules and consider revising those that serve as a snare for the unwary litigant."); Fruit of the Loom, Inc. v. American Marketing Enterprise, Inc., 192 F.3d 73, 74 (2d Cir. 1999) ("We write to remind the bar that **individual practice rules of a district judge must be read in conjunction with the Federal Rules of Civil Procedure…** Commentary associated with an amendment to Rule 83(b**) in 1995 noted: [T]he amendment to this rule disapproves imposing any sanction or other disadvantage on a person for noncompliance with such an internal directive…**. There should be no adverse consequence to a party or attorney for violating special requirements…

**Results:** The Content of the Report carefully avoided the pitfalls identified in the Motion for Sanctions, validating the Motion for Sanctions. Defendants failed to respond to the Safe Harbor Letter demands, Judge Parker incorrectly refused to follow the FRCP. The Motion to Dismiss should be vacated and / or other Relief granted to Plaintiff who was needlessly subjected to the false and malicious application of Rules of Procedure.

Plaintiff is again being punished for Defendants' errors and failure to hold themselves to the Local Rules, and their failures to deal fairly. Defendants' Reply Brief, filed in violation of Local Rule 7.2, which could have been cured, but has willfully not, must be removed, and its content which is in the Report, must be removed.

Sadly, Judge Parker went ahead and made even more egregious errors in the Report. As in all the other errors populating her writings, her errors and those of defendants have been willful.

**Guide to United States District and Magistrate Judges in the Southern and Eastern Districts of New York**, 2012, NYSBA, Commercial & Federal Litigation Section, Section Chair Tracee E. Davis, Esq., Co-Chairs of the Committee on Federal Judiciary Jay G. Safer, Esq. & John D. Winter, Esq.

## Judge Parker and, apparently, Judge Schofield's, Prolixity Problem

**What, Suddenly No Preference for Deciding on the Merits? Can't be bothered with reading all that evidence and learning all those facts.**

In January, 2022, at Order #167, Judge Parker Sua Sponte removed defaults, outside of Rule 60, with no justification, with no hearing, using citations to justify which all proved the opposite. The only justification was this desire to decide on merits.

Judge Parker cannot possibly Sua Sponte 12 valid certified defaults, where defendants should have made a Rule 60 motion at the least; and then dump the Plaintiff's highly, exceedingly, and societally important law suit – for what reason? The Report complains about the burden of all that reading. The New York City Law Department's attorneys, and apparently herself and her own clerks, are too incompetent and lazy to actually read.

**Improper Citation of 28 USC 1915(e)(2)(B)(i) -** *in forma pauperis* **– I Have Paid. I am not a Prisoner. More Judge Parker insults.**

In reviewing older documents, an additional Sua Sponte application / threat from Judge Parker was found within Order at #167. She claimed to have a duty to Sua Sponte remove unworthy claims, - meaning, of course, only mine. She was going on about how attorneys can do and write and say anything they want; and that I am not allowed to complain or try and defend myself.

She cited 28 USC 1915(e)(2)(B)(i), which is the *in forma pauperis* application, generally associated with prisoners, but also, yes, those self-represented persons. I paid my own costs.

**Take it up with AG Letitia James.**

In an attempt to learn how larger complaints are addressed, an informal review was made of the James and People v. Trump, NY Supreme Court, New York County, (Index 452564/2022, filed 9/21/2022), and the responsive Trump v. James law suit, NYSD, 1:21 –cv-01352 (BKS/CFH), filed 12/20/2021.

**Extra Size Memorandum OK** – There were a large number of examples in which both sides sought larger sizes for Memorandum of Law, from 25 pages to 30. Every request was granted, usually the same day.

When I sought additional size for the Opposition to Motion to Dismiss, I was denied any additional size. The only reason? Because NYC Law didn't get extra size. But they did not ask. That is no reason. The refusal to allow more pages directly led to the problems completing it in time. It was an intentional set up.

**Table comparing People v. Trump with Rubin v. NYCBOE**

|  | People v. Trump | Rubin v. NYCBOE | Rubin v. NYCBOE If allowed to complete editing |
|---|---|---|---|
| Personnel | AG + 9 staff attorneys Multiple office staff, equipment | 1 human being, no formal law education | 1 human being |
| # Defendants | 16 | 14 | 14 |
| # Pages | 222 | 170 | 155 |
| Pages / Defendant | 14 | 12 | 11 |
| # of numbered lines/paragraphs | 838 | 1920 | 1200 |
| Cause of Action # pages | 15 | 20 | 17 |

As one can see, these complaints are generally comparable in size and distribution, given similar large number of defendants. In fact, Rubin v. NYCBOE has 2 fewer pages per defendants. Had Rubin been allowed to complete

The numbered lines / paragraphs difference reflects a number of factors:

People used much larger paragraphs, and often had long lists all under a single number, a few using over a whole page. Rubin was not allowed time to complete editing and formatting, by demands, Orders, directives, and over a month of harassment; from Judge Parker and Attorney Rosen, NYC Law. Had Rubin simply been left in peace from December 17, 2021 on, when she filed for Section 504 Accommodations, but which were never responded to, recognized nor allowed; the SAC would have been completed at least a week earlier, well edited, shorter, and with the exhibits completed a few days after, and 2 weeks earlier than with the ongoing harassment.

It is the behavior of Judge Parker and Attorney Rosen which caused confusion and chaos; Judge Parker's earlier case mismanagement and intimidation largely brought on the health condition for which the Section 504 Accommodations were sought.

These events have been documented in Docket #194, 7/18/2022 and elsewhere. This Letter Motion describing the mess of the Motion to Dismiss, how it created the need for additional pages, and request to correct / edit the complaint.

In regards to attachments and exhibits:

In People, it was not possible to obtain specific data, but by the end of case and Decision, 1/6/2023, the record contained 453 documents. There appears to have been a large volume of attachments and exhibits to the Complaint.

In Trump, each new document had a large number of attachments and affidavit. James' Motion to Dismiss had an Affidavit in Support with 140 pages of exhibits.

Results: There are no marked differences between the three complaints, People/James v. Trump, Trump v. James, and Rubin v. NYCBOE.

**The Real Difference and the Real Problem: People v. Trump, Trump v. James, Rubin v. NYCBOE**

In both People v. Trump and Trump v. James, the attorneys carefully read and studied all the documents, and responded factually. The focus was on the actual content of the documents, and the related law. In this case, neither NYC Law Dept., nor Judge Parker, have paid any attention to the actual facts, nor read the documents. They have intentionally refused to recognize the facts and merits.

Had they bothered to actually read Exhibit 3, A State Special Education Complaint & Therapist's Audit, they would have known that NYC BOE, Office of Related Services, was routinely and systematically depriving special education students of 60% of mandated special education, medically necessary services.

Had they reads Exhibit 180-5, Exhibit 4, 2019 NYSED SEQA Notices of Investigation, Results and Corrective Action Plans; they would know that Plaintiff's complaint was validated.

Had they any appreciation for children and psychology, they would have known that the picture at Exhibits 180-6, A. "BEHAVE" showed how much the child – and others also – were terrified by teacher Cullen. None of the comments or descriptions of the content of either the complaint or the exhibits has any validity whatsoever.

**Vigilantes for New York City Law Department, and Against Civil Rights Victim Plaintiffs**

As shown above, Judge Parker fails to apply the FRCP, or any other, in a reasonable or impartial manner. Instead the errors are willful and intentional. Judge Schofield's failure to enforce even FRCP, or Local Rules over the past weeks, indicates a similar improper motivation and actual partial bias.

The obsession with "prolixity" is merely subterfuge for working for the interests of the New York City Law Department, as is all of the substantive actions taken by them in this proceeding. As shown in a recent, many Judicial Conduct complaints have been made, first against Judge Parker, and then Judge Schofield is implicated.

**Multiple Judicial Council Judicial Conduct Complaints from different Plaintiffs**

A month ago, a brief review was made of decisions from the Second Circuit Council. Without expecting it, and only randomly picking and looking at perhaps a dozen; at least 3 complaints were located over the past year or so, against Judge Parker. Their names are not there, but the behavior, Modus Operandi, is exactly what I have experienced. A female magistrate judge who was aggressively hostile to civil rights / employment self-represented plaintiffs. A female magistrate judge who made crazy precipitous orders against seeking discovery, and who astoundingly ordered the plaintiffs not to file anything. Sound familiar?

Rubin v. NYCBOE
20-CV-10208-LGS-KHP

In each case, the plaintiff hoped that the supervising female District Judge would put an end to the harassment, and sought her intervention. And in each case that District Judge failed to do so.
[][][  One should not make a Sua Sponte when one does not know the law.
Claim on NY LL 740-741 – LL 741 has been a 2 year statute of limitations, at least from 2014 to the current date.
The information is on the NYS Legislative Law page.

I have not had the time to submit the material on Continuing Violations, per Graham, nor lare amount of other material.

I will send the Affidavit with attachments later.

    Respectfully Submit,

    On this 2nd day of February, 2023
        S / Lise Rubin Electronically signed.
            Lise Rubin
            677 Kent Ave.
            Teaneck, NJ 07666
            917-513-2630 OTL.NewYork@gmail.com

Cc: VIA ECF
    Elisheva Rosen, Assistant Corporation Counsel
    Attorney for Defendants
    100 Church Street, Room 2-316,
    New York, New York 10007
        212 (356-3522)      erosen@law.nyc.gov