Rubin v. NYCBOE
20-cv-10208-LGS-KHP

Letter Motion to
Chief Judge Laura Taylor Swain
For:
Emergency Stay, Pending Agreement on Section 504 Plan
So that this Honorable Court
May:
Discontinue Current Practices of Overt Disability Discrimination,
&
Targeted Harassment of Self-Represented [Pro se] Parties;
- To Benefit The New York City Law Department
- In Continual Violation of the FRCP & Local Rules,
- And Always at the expense of this Civil Rights Plaintiff;
- including Local Rule 7.2;
- All in Violation of 28 U.S.C 495(a) & (b); 28 U.S.C. 144;
As well as Rights Under the 14th Amendment for Equal Protection & Due Process.

February 3, 2023

Dear Honorable Chief Judge Swain;
I am sorry to be bothering you, but this problem is within your courthouse, and you have a duty to correct or have corrected the serious problems. After all, SDNY is also the People's House, and that means it is my house too.

There are many helpful ways to improve the effective and efficient processing of complaints by self-represented parties and persons with disabilities, and which seem to have a large overlap. However, self-appointed vigilante judges, cooking up new ways to further deprive being heard, is not one of them. Instead, it is the intentional violation of 28 USC Sections 455 & 144.

As it is being done solely in the direction of benefitting large institutional law firms, such as in this case, the New York City Law Department; it is an unconscionable practice.

An appeal cannot possibly cure these problems, much of which are not only local. The matter includes the Judicial Conference failure to create the promised policies and practices to formally address the rights of persons with disabilities for 27 years.

The Judicial Conference Policy, JCUS-SEP 95, page 75 states:
> The judiciary has long been on record as supporting full access to judicial proceedings by
> all segments of the disabled community.

This was left dangling, without implementation of the JCUS decision to have national policies, systems procedures and resources. Over the same years, the rights of court personnel have been enforced with solid policy and resources, and includes affirmation of rights under the ADA and the Rehab. Act. It must also apply to litigants, and that is clear in the JCUS 95 statements.

Not being only a local problem, it must be brought to the Federal Judicial Conference for action. Towards that end, I have reached out to the Federal Bar Association, Disability Section, which initial response has been supportive.

I am working on a formal proposal to move things along, and am offering to use this case as a case study. It shows what is missing, and the harm caused by these systemic failures.

You, as the Chief Judge at SDNY, have the opportunity to jump in at the start of this initiative, and have SDNY become a model and leader in how to make corrections. I hope you take advantage of this, not only for my sake, but for so many other NYSD civil rights plaintiffs who have been and are being maltreated.

In regards my own matter, please see below.

I have been demanded to perform things which are impossible, where the NYC Law Department has carte blanche to ignore all rules, and get bailed out by the judges.

The Magistrate's Report is an additional Second Motion to Dismiss, and itself does not conform to the standards for a response to a Motion to Dismiss and Opposition.

One of the most disturbing elements of this saga has been the utter lack of concern for the harm caused me due to my advocating on behalf of students and their parents. Could any attorney imagine this happening to them? Just as attorneys are so protected, I am also, under federal laws; yet no court personnel has as yet even recognized this fact.

I suggest that you direct your employment rights personnel to work with me, first to develop a Section 504 plan, and perhaps collaborate on developing policies and practices for future applications. The current judges have failed to allow any reasonable means of creating an on going plan.

Most Sincerely, Lise Rubin, M.Ed., OTL
        Occupational Therapist


    Respectfully Submit,
    This 1st day of February 2023
        / Lise Rubin Electronically signed.
            Lise Rubin
            677 Kent Ave. Teaneck, NJ 07666
            917-513-2630 OTL.NewYork@gmail.com

Cc: VIA ECF
    Elisheva Rosen, Assistant Corporation Counsel, Attorney for Defendants
    100 Church Street, Room 2-316, New York, New York 10007
        212 (356-3522)    erosen@law.nyc.gov
[][

As filed 2/1/2023, in series of filings and orders #256, 1/20/2023 to #264, where I was forced to prematurely file Objections to a wretched Magistrate's Report.
I was unable to locate any ECF option for Objections, nor anything else which fit, wasting over 5 minutes, and causing the filing to be 2 minutes late.
Of course, the needless but severe anxiety and court caused sleep disorder and deprivation were contributing factors.

][][][

Letter Motion to File Excess Pages and for Additional Time;
& Printed out cases from the Magistrate's Report
- To Avoid Further Noncompliance with
Judicial Conference Policy, JCUS-SEP 95, page 75
ADA- Americans with Disabilities Act
RA – Rehabilitation Act, Section 504
- As the Status Quo is manifesting Overt Disability Discrimination & Harassment;
By Orders at Document #259, 1/23/2023, #261, 1/30/2023;
Despite the Court's Recognition of Disability Status since December 17, 2021;
Contrary to Request 1/20/2022, Docket #256, & 1/30/2023, #260, and elsewhere;
**Denying Accommodations for what the Court itself recognizes as a
Functional Written Communication Disorder, including in the Magistrate's Report.**

February 1, 2022

Dear Honorable Judge Schofield;
Local Rule 7.2 requires provision of copies of certain cases in documents submit by attorneys, and also on behalf of the court.
I had requested hard copy print outs for many reasons, including as an accommodation. You have refused to provide them.

The Judicial Conference Policy, JCUS-SEP 95, page 75 states:
> The judiciary has long been on record as supporting full access to judicial proceedings by all segments of the disabled community.

It further and specifically requires that:
> … All federal courts should provide reasonable accommodations to persons with communications disabilities.

The Policy required that specific policies be developed, but this did not happen. That does not allow for the extreme bias this court has shown in regards to enabling and even just allowing, "full access" to these proceedings.
The ADA, Title II, and the Rehabilitation Act, Section 504, require providing accommodations, and prohibit policies and practices which prevent and interfere with full exercise of these rights to fully participate and fully benefit from all services. The Judicial Conference has affirmed these rights for court personnel; to fail to recognize the same rights to litigants is class based discrimination.

Instead of allowing full participation, you have systematically misinterpreted disability symptoms, for which you have a duty to allow accommodations; through a distorted moral lens, which actually reflects a discriminatory bias. This must stop, not only for my sake, but for the sake of other litigants; and for the civil rights causes which our cases embody.

Your Orders at Document #259, 1/23/2023, and #261, 1/30/2023; have denied the requested and necessary accommodations. In #261, you have absurdly justified failing to allow full participation in the proceedings, and your denial of the ability to fully benefit; by stating that you had already refused to allow full participation in the proceedings, and that you have already denied the ability to fully benefit from the proceedings.

Your discriminatory behavior has been both direct, by denying the needed accommodations; and also indirectly, such as by your refusal to enforce Local Rule 7.2, which requires the defendant law firm, the New York City Law Department, to provide copies of the cases cited in their documents. You have failed to order my being given hard copies of the cases cited in the Magistrate's Report. These are required as a Reasonable Accommodation.

I have repeatedly been denied accommodations, with no rational basis, for over a year, and it has caused harm.

I ask that you comply with my requests.

    Respectfully Submit,
    This 1st day of February 2023
        / Lise Rubin Electronically signed.
            Lise Rubin
            677 Kent Ave. Teaneck, NJ 07666
            917-513-2630 OTL.NewYork@gmail.com

Cc: VIA ECF
    Elisheva Rosen, Assistant Corporation Counsel, Attorney for Defendants
    100 Church Street, Room 2-316, New York, New York 10007
        212 (356-3522)    erosen@law.nyc.gov

[][