20-CV-10208

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISE RUBIN,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, ET AL.,

                              Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE JANUARY 6, 2023 REPORT AND RECOMMENDATION OF THE HONORABLE KATHERINE H. PARKER**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street, Room 2-316*
  *New York, N.Y. 10007*

  *Of Counsel: Elisheva L. Rosen*
  *Tel: (212) 356-3522*
  *Matter No.: 2021-011808*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... I

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

STANDARD OF REVIEW ...................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

    POINT I ......................................................................................................... 4

        THE COURT SHOULD REJECT PLAINTIFF'S
        OBJECTIONS AND ADOPT THE REPORT AND
        RECOMMENDATION ................................................................... 4

        A.  Plaintiff's Accusations of Judicial Misconduct
            are Improper ............................................................................. 4

        B.  The Court Should Invoke a Clear Error
            Standard of Review, as Plaintiff Merely
            Reargues the Same Points Made in her
            Previous Papers ....................................................................... 5

        C.  Plaintiff's Second Amended Complaint Fails to
            Comply with Rule 8 ................................................................. 7

        D.  Plaintiff Fails To State a Claim .............................................. 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Blakely v. Wells,
   209 Fed. App'x. 18 (2d Cir. 2006)......................................................................8

Evans v. N.Y. City Health & Hosps. Corp.,
   2023 U.S. Dist. LEXIS 14501 (S.D.N.Y. Jan. 27, 2023).........................................4

Fossil Grp. v. Seller,
   2021 U.S. Dist. LEXIS 190996 (E.D.N.Y. 2021).............................................3, 5, 7

Frankel v. City of N.Y.,
   2009 U.S. Dist. LEXIS 14864 (S.D.N.Y. 2009)....................................................3

Grant v. Bradt,
   2012 U.S. Dist. LEXIS 123981 (S.D.N.Y. 2012)..................................................3

Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers.,
   2013 U.S. Dist. LEXIS 76914 (E.D.N.Y. 2013)....................................................4

McCarthy v. Manson,
   554 F. Supp. 1275 (D. Conn. 1982), aff'd, 714 F.2d 234 (2d Cir. 1983)..................3

PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney
   General of the State of New York v. Donald J. Trump et al.,
   Index No. 452564/2022 ...................................................................................8

Prezzi v. Schelter,
   469 F.2d 691 (2d Cir. 1972).............................................................................8

Thompson v. Yelich,
   2012 U.S. Dist. LEXIS 167365 (E.D.N.Y. 2012)..............................................3, 6

Vega v. Artuz,
   2002 U.S. Dist LEXIS 18270 (S.D.N.Y. 2002)....................................................3

Washburn v. Kingsborough Cmty. College,
   2021 U.S. Dist. LEXIS 67908 (E.D.N.Y. 2021), aff'd 2022 U.S. Dist. LEXIS
   51086 (E.D.N.Y. 2022)....................................................................................7

**Statutes**

28 U.S.C. § 636(b)(1)(C) ......................................................................................2

ADA.................................................................................................................6, 7

FLSA ............................................................................................................................... 6

Rehabilitation Act ........................................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................... 2, 6, 7, 8

Fed. R. Civ. P. 72(b)(3) ................................................................................................ 2, 3

# PRELIMINARY STATEMENT

Defendants New York City Board of Education ("BOE," also known as the Department of Education or "DOE") and Special Commissioner of Investigation for the New York City School District ("SCI") (collectively, "Municipal Defendants"); and Alexis Lantzounis, Supervisor of Occupational Therapy, Manhattan District 3; Anastasia Coleman, Special Commissioner of Investigation; Daniel Schlachet, First Deputy Commissioner of SCI; Geraldine A. Cullen, Grade 2 Teacher at P.S. M009 Sarah Anderson School; Henry Bluestone Smith, former Chief of Staff, Office of General Counsel; Ilene Lees, Director of Office of Special Investigations ("OSI"); Joseph A. Baranello, Deputy Counsel and Chief Privacy Officer; Julia Busetti, Agency Attorney; Katherine Witzke, Principal of P.S. M009 Sarah Anderson School; Katherine G. Rodi, Esq., Executive Director, Office of Employee Relations; Michael van Biema, Executive Director Office of Related Services ("ORS"); and Susan Epstein, Director of Compliance and Contracts at ORS (collectively, "Individual Defendants") (collectively with Municipal Defendants, "Defendants,") respectfully submit this memorandum of law in opposition to Plaintiff's objections to the January 6, 2023 Report and Recommendation, ECF Dkt. No. 255 ("Report and Recommendation") of the Honorable Magistrate Judge Katherine H. Parker ("Judge Parker").[1]

---

[1] While Plaintiff's opposition to the Report and Recommendation was filed after the Court ordered deadline for her response, Defendants submit this reply out of an abundance of caution and solicitude and without waiver of their argument that Plaintiff's objections to the Report and Recommendation should be rejected as untimely. See Plaintiff's Letter Motion to Continue, Objections to Magistrate Report, ("Plaintiff's Opposition"), ECF Dkt. No. 264, filed February 3, 2023; see also Court Order, ECF Dkt. No. 261, issued January 31, 2023 ("As Plaintiff was advised…no further extensions will be granted, and any late objection will not be considered. Plaintiff is reminded that her deadline to file written objections to the Report and Recommendation is February 2, 2023."); Court Order, ECF Dkt. No. 259, issued January 23, 2023 ("Plaintiff's deadline to file written objections to the Report and Recommendation…is extended to February 2, 2023. Plaintiff is advised that no further extensions will be granted, and any late objection will not be considered.").

Plaintiff's Opposition takes issues the Report and Recommendation on the following grounds: (1) alleged judicial misconduct; (2) the vacated motions for default; (3) using the filing date of the original Complaint to determine statute of limitations; (4) her denied motion for sanctions; (5) her denied objections to the 12.1 Notice to Pro Se Litigants; (6) Defendants failed to provide unpublished cases; (7) the partial denial of her request for additional pages to oppose the motion to dismiss and the Report and Recommendation; and (8) the Court applied the wrong statute of limitations for NYLL §§ 740-741 claims. See Plaintiff's Opposition.

First, this Court should adopt Judge Parker's Report and Recommendation because Plaintiff's objections are untimely and fail to point to any clear error in the Report and Recommendation. Second, Judge Parker appropriately found that Plaintiff's Second Amended Complaint was a textbook prolix pleading and therefore should be dismissed in its entirety for violating Rule 8, and Plaintiff does not oppose Judge Parker's recommendation for a full dismissal on these grounds.[2] Third, Plaintiff's accusations of judicial misconduct are unfounded. Accordingly, for the reasons set forth herein and in Defendants' Motion to Dismiss (ECF Dkt. No. 187), the Court should reject Plaintiff's objections and adopt Judge Parker's Report and Recommendation in full and dismiss the Second Amended Complaint for failure to comply with Rule 8.

**STATEMENT OF FACTS**

For a full statement of the facts relevant to this motion, the Court is respectfully referred to the Report and Recommendation (ECF Dkt. No. 255).

---

[2] Or, in the alternative, the Court should dismiss all claims with prejudice except for select retaliation claims as outlined on page 46 of the Report and Recommendation.

2

## **STANDARD OF REVIEW**

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When written objections to a magistrate's report and recommendation are filed, the Court reviews *de novo* those parts of the report to which the petitioner objects. See Thompson v. Yelich, 2012 U.S. Dist. LEXIS 167365, *2 (E.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(3)). However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke a *de novo* review of the magistrate's recommendations." Fossil Grp. v. Seller, 2021 U.S. Dist. LEXIS 190996, at *5 (E.D.N.Y. 2021). Reviewing such objections *de novo* "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Vega v. Artuz, 2002 U.S. Dist LEXIS 18270, at *3 (S.D.N.Y. 2002) (internal citation omitted). Moreover, a party may not have a "second bite at the apple" when filing objections to a report and recommendation, because the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" McCarthy v. Manson, 554 F. Supp. 1275, 1286 (D. Conn. 1982), aff'd, 714 F.2d 234 (2d Cir. 1983). Additionally, "[i]t is well settled that the parties may not raise new arguments in objections that were not raised before the Magistrate Judge." Fossil Grp., 2021 U.S. Dist. LEXIS 190996, at *8. Even a *pro se* party may not rely on "new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus not considered by the magistrate judge." See Grant v. Bradt, 2012 U.S. Dist. LEXIS 123981, at *4 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

If a party fails to make specific and clear objections, and instead only asserts conclusory or general objections or "merely recite[s]" their prior arguments, the Court only

reviews a report and recommendation for clear error. See Frankel v. City of N.Y., 2009 U.S. Dist. LEXIS 14864, at *4 (S.D.N.Y. 2009). Similarly, when a party fails to make any objection to a section of a report and recommendation, the court reviews that section for clear error only. Thompson, 2012 U.S. Dist. LEXIS 167365, *3 (E.D.N.Y. 2012). To reject a report and recommendation's findings under the clear error standard, the "decision must strike [the Court] as more than maybe or just probably wrong; it must strike [the Court] as wrong with the force of a five-week-old unrefrigerated dead fish." See Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers., 2013 U.S. Dist. LEXIS 76914, at *3-4 (E.D.N.Y. 2013) (quotations omitted). As set forth below, Plaintiff is unable to meet this high bar.

## ARGUMENT

### POINT I

### THE COURT SHOULD REJECT PLAINTIFF'S OBJECTIONS AND ADOPT THE REPORT AND RECOMMENDATION

**A. Plaintiff's Accusations of Judicial Misconduct are Improper**

Plaintiff's Opposition, once again makes unfounded accusations of judicial misconduct against both Judge Parker and Judge Schofield. Plaintiff's previous accusations of misconduct and demands for recusal were dismissed by the Court as unwarranted. See Court Order, ECF Dkt. No. 236, filed October 18, 2022. Plaintiff's accusations of judicial bias should be dismissed because they are based on nothing more than unfavorable outcomes in litigation against a municipal corporation. See, e.g., Evans v. N.Y. City Health & Hosps. Corp., 2023 U.S. Dist. LEXIS 14501, at *7 (S.D.N.Y. Jan. 27, 2023) (district judge dismissing plaintiff *pro se*'s accusations of judicial misconduct against magistrate judge that were premised on an unfavorable report and recommendation).

**B. The Court Should Invoke a Clear Error Standard of Review, as Plaintiff Merely Reargues the Same Points Made in her Previous Papers**

Plaintiff's objections largely consist of the same arguments raised in Plaintiff's previously denied motions and do not address the substance of the Report and Recommendation which cannot invoke a *de novo* review. See Fossil Grp., 2021 U.S. Dist. LEXIS 190996, at *5. Plaintiff's motion for sanctions was denied on October 7, 2022 and November 21, 2022. See Court Order, ECF Dkt. No. 230, filed October 7, 2022; see also Court Order, ECF Dkt. No. 245, filed November 21, 2022.

The removal of the defaults against Defendants and the grant of time for Defendants to respond to the Complaint was already addressed by the Court. See Court Order, ECF Dkt. No. 167, filed January 13, 2022; Court Order, ECF Dkt. No. 222, filed September 13, 2022; Court Order, ECF Dkt. No. 224, filed September 13, 2022; Court Order, ECF Dkt. No. 245, filed November 21, 2022.

Plaintiff's arguments regarding the 12.1 Notice to Pro Se Litigants was previously discussed at the October 6, 2022 conference, wherein the Court reminded Plaintiff that such notice is legally required. See Minute Entry for October 6, 2022 Proceeding, Dkt. No. 228; see also Court Order, ECF Dkt. No. 230, filed October 7, 2022. As for Plaintiff's accusation of failing to provide unpublished cases, the Court already denied this accusation because Plaintiff's admitted that Defendants complied with the prior Court order to provide digital copies of unpublished cases cited in the Report and Recommendation. See Court Order, ECF Dkt. No. 261, filed January 31, 2023.

Plaintiff's requests for additional pages for her opposition to the motion to dismiss were denied numerous times. See Court Order, ECF Dkt. No. 196, filed July 20, 2022; Court Order, ECF Dkt. No. 204, filed August 5, 2022. Meanwhile, Plaintiff's request for additional pages for

her opposition to the Report and Recommendation was partially granted. See Court Order, ECF Dkt. No. 259, filed January 23, 2023.

Plaintiff's frustration that the Court is not permitting her to run amok and ignore whichever Court rules and procedures do not suit her is not sufficient grounds to challenge a Report and Recommendation. Further, Plaintiff's objections omit any reference to the Report and Recommendation's findings that (1) the Second Amended Complaint violated Rule 8 (see Report and Recommendation at 18-20); (2) Defendant SCI is a non-suable entity (id. at 21); (3) to the extent claims are brought against SCI Commissioner Coleman and SCI Deputy Commissioner Schlachet in their official capacity, those claims should be dismissed because SCI is a non-suable entity (id.); (4) Plaintiff failed to state a claim under Title VII and failed to exhaust administrative remedies for her Title VII claims (id. at 22-23); (5) Plaintiff's ADA and Rehabilitation Act claims should be dismissed against the Individual Defendants (id. at 27-28); (6) Plaintiff lacks standing to assert claims for alleged injuries to her students (id. at 26); (7) Plaintiff's FLSA claims are time-barred (id. at 31-32); (8) Plaintiff's FLSA claims against Individual Defendants should be dismissed because they were not Plaintiff's employer (id. at 33); (9) Plaintiff's state and municipal claims against Defendant DOE and its officers – Defendants Lantzounis, Lees, Rodi, Epstein, Van Biema – should be dismissed for failure to file a notice of claim (id. at 33-37); (10) Plaintiff's SHRL and CHRL claims against Individual Defendants who are not school officials should be limited only to their actual participation in the alleged retaliatory acts (id. at 38-40); (11) Plaintiff's SHRL and CHRL aiding and abetting claims fail because Plaintiff cannot maintain SHRL or CHRL claims against the BOE or its officers (id. at 39); (12) Plaintiff's CSL § 75-b, defamation, libel, slander, and FOIL-related claims are time-barred by the applicable statute of limitations (id. at 40-42); (13) Plaintiff's NYLL §§ 652 and 215 claims fail as a matter of law (id. at 41-44); and

6

(14) Plaintiff fails to state a claim for fraud (id. at 44-46). As such, the Court should review those portions for clear error only. Thompson, 2012 U.S. Dist. LEXIS 167365, *3.

Plaintiff's arguments that the Court applied the wrong statute of limitations for her NYLL §§ 740-741 (see Plaintiff's Opposition at 7) merely repeat the arguments made in her numerous filings with the Court and were expressly addressed by Judge Parker. See Report and Recommendation at 40. Plaintiff's perfunctory repeated objection as to the NYLL §§ 740-741 statute of limitations cannot invoke a *de novo* review. See, e.g., Fossil Grp., 2021 U.S. Dist. LEXIS 190996, at *5. Similarly, Plaintiff continuous accusations that the Court is applying the incorrect statute of limitations by relying on her filing date of December 3, 2020 was raised in her opposition to the motion to dismiss and rejected by the Court. See, e.g., Report and Recommendation at 27-30 (regarding Rehabilitation and ADA claims); Plaintiff's Opposition at 1; Plaintiff's Opposition to the Motion to Dismiss, ECF Dkt. No. 214, filed August 31, 2022 at 9. Plaintiff's perfunctory repeated objection to statute of limitations cannot invoke a *de novo* review. See, e.g., Fossil Grp., 2021 U.S. Dist. LEXIS 190996, at *5.

After the Court reviews Judge Parker's thorough, detailed, well-reasoned, Report and Recommendation and the ample, relevant case law therein, the Court should find no clear error. Accordingly, Plaintiff's objections fail to either (a) trigger *de novo* review or (b) pass the clear error standard of review, and should be disregarded under controlling law.

**C. Plaintiff's Second Amended Complaint Fails to Comply with Rule 8**

As explained by Judge Parker, the Second Amended Complaint "is the textbook definition of a pleading that should be dismissed for failure to comply with Rule 8." See Report and Recommendation at 18. Judge Parker further noted that the Second Amended Complaint was not short, but rather totaled 395 pages, nor plain and "does not follow a coherent narrative." Id. at 18-19. The Court has the discretion to dismiss a *pro se* complaint for failure to comply with Rule

7

8. See, e.g., Washburn v. Kingsborough Cmty. College, 2021 U.S. Dist. LEXIS 67908, at *11-12 (E.D.N.Y. 2021), aff'd 2022 U.S. Dist. LEXIS 51086 (E.D.N.Y. 2022); Blakely v. Wells, 209 Fed. App'x. 18, 20 (2d Cir. 2006); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

To the extent that Plaintiff's reference to PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York v. Donald J. Trump et al., Index No. 452564/2022, is a counterargue to her Rule 8 violation and not related to her complaint regarding the denied requests for additional pages, such an argument fails. See Plaintiff's Opposition at 5-6. This state court proceeding, brought by the Attorney General of New York against the former President of the United States, has nothing to do with a lawsuit filed in federal court by an individual against the City of New York, its agencies, or its employees. Rule 8 is a federal rule that applies to federal cases and is not relevant to a state court proceeding. Plaintiff has failed to cite to even a single federal law to counter Judge Parker's well-reasoned opinion that the Second Amended Complaint, "is simply too long and confusing to put Defendants on notice of the claims against them and it is not clear how Defendants could properly answer such a pleading." Report and Recommendation at 20. As such, this objection should be rejected and the Court should adopt Judge Parker's finding that the Second Amended Complaint failed to comply with Rule 8 of the FRCP.

**D. Plaintiff Fails to State a Claim**

As stated above, Plaintiff's objections are repetitive of arguments made in prior motions already rejected by the Court in the relevant motion practice. Plaintiff does not challenge the conclusions reached in the Report and Recommendation but rather the circumstances surrounding the issuance of the Report and Recommendation. Consequently, the Report and Recommendation should only be reviewed for clear error. However, notwithstanding these allegations, Plaintiff fails to demonstrate any clear error in Judge Parker's analysis or conclusions.

Upon review for clear error, the Court should recognize that Plaintiff's objections regurgitate the arguments previously made in Plaintiff's filings. Upon this review, the Court should adopt the Report and Recommendation and dismiss the Second Amended Complaint for failure to comply with Rule 8.[3]

## CONCLUSION

In sum, Plaintiff's objections to the Report and Recommendation of Judge Parker are untimely and without merit. Accordingly, the Court should reject Plaintiff's objections and adopt Judge Parker's dismissal of the Second Amended Complaint in its entirety.

Dated: New York, New York
February 9, 2023

        **HON. SYLVIA O. HINDS-RADIX**
        Corporation Counsel of the
        City of New York
        Attorney for Defendants
        100 Church Street, Room 2-316
        New York, New York 10007
        (212) 356-3522
        erosen@law.nyc.gov

By: /s/        Elisheva L. Rosen
        Elisheva L. Rosen
        Assistant Corporation Counsel

---

[3] Or, in the alternative, the Court should dismiss all claims with prejudice except for select retaliation claims as outlined on page 46 of the Report and Recommendation.