Rubin v. NYCBOE
20-CV-10208-LGS-KHP

677 Kent Ave., Teaneck, NJ  07666
917-513-2630      Email: OTL.NewYork@ Gmail.com
Rubin v. NYCBOE
20-cv-10208-LGS-KHP


Letter Motion to
Extend Time to Respond / Reply
To Defense Reply –
And Other Relief -
Due to Family Leave



February 16, 2023

Dear Honorable Judge Schofield;

I am in receipt of Defense Reply, #266, file date 2/9/2023; copy received 2/14/2023. My understanding is that I have 10 days to reply, and I do intend to reply. Note that Ms. Rosen took 13 pages to respond to my 9, even though she had total agreement with the underlying report itself. This further shows the unreasonable limits placed on my response to the Report. My effort was limited by the pain in my hand and arm, and this was by your decision; therein making it impossible for me to be heard.

In the *Guide to Judiciary Policy, Chapter 3: Rules for Judicial-Conduct and Judicial-Disability Proceedings*, it states (pages 6- 7, top):
> *Generally,… **judges play the role of an essentially passive arbiter***…

It is unfortunate that Judge Parker, not heeding that Rule; and Defense, apparently acting in concert, raise and address claims not present in my case; while violating the requirements pertaining to a Magistrate's Report; while failing to address those clearly found in the Second Amended Complaint, prior versions of the complaint, as well as seen in the Objections to the (First) Motion to Dismiss.

It is also unfortunate that my requests for additional pages and time, as well as to fully brief the newly raised issues, which is the only way for me to actually be heard; my requests for accommodations and to allow time for my right arm and hand to heal; were denied. The result of

Rubin v. NYCBOE
20-CV-10208-LGS-KHP

the later is that I attempted to adhere to your order, but it was futile and impossible. I reinjured my right hand and arm, and am only now beginning to be able to comfortably work on this matter. The amount of time I can do this continues to be limited, to prevent additional reinjury.

In addition, my grandchild was born 2 days ago, somewhat early, and with considerable health and other issues arising. This entire week has been taken up by addressing her and my daughter-in-law's needs. My continued direct assistance is required, at least into the middle of next week.

Therefore, I seek, at the least, 2 additional weeks to reply, to March 6, 2023.

I also seek permission to respond directly to the Magistrate's Report / Second Motion to Dismiss, and not only to the Defense Reply; as I was not allowed sufficient time or pages to reply, due to the above described issues. The Report is primarily falsehoods, making the work, pages and time to respond, much greater than an ordinary and honest report, which is required to be based primarily on the operational complaint.

I also seek permission to write a brief on the Sua Sponte issues.

I also seek permission to write an additional and separate brief addressing the rest of the Report.

Again, I point out that this Court has allowed attorneys-at-bar, employees of the New York City Law Department, one of the largest law firms in the state; to fail to adhere to the FRCP, Local and Individual Judge's Rules; carte blanche, always intervening for them when it was revealed; while demanding that this individual little plaintiff, who has diligently attempted to follow them, has been deluged with false accusations and harsh decrees.
As written in Docket #264, FRCP, Rule #83, Local and Individual Judges Rules are prohibited from undermining the intent of the Federal Rules of Civil Procedure. Yet that is what has been done, repeatedly, and always in to my detriment, in violation of my Due Process Rights; and always in favor of the defendants, all attorneys-at-bar. Not "merely" in regards the requirement "to confer"; but this has also occurred in regards to service, defaults, discovery disputes, and much more. This further undermines any sense of validity and even credibility of the case as constructed by Judge Parker.

The NYSBA, Committee on Federal Judiciary, warned about the already manifest conflicts. (Also in Docket #264]

I further Protest the failure of the Court to allow reasonable time and pages initially, as this has itself caused and forced my continual requests for additional time and pages, instead of being allowed to simply work on the issues.

In regards the Confer directive, as previously stated:
> **NYC Law has a record of Failure to Cooperate with the Will Confer directive**
> I have sent an email inquiring to Att. Rosen. She has previously, as in January 2022, failed
> to give me a request to confer, as had Mr. Nasim repeatedly; and also Ms. Juarez left my

Rubin v. NYCBOE
20-CV-10208-LGS-KHP

request sitting for a week, and then sent me a response minutes before she sent off material direct to the court.

I will adhere to the Rule in so far in a manner which does not conflict with the FRCP, and send an email to Ms. Rosen, who is certain not to agree with anything. This is much better adherence than shown by Ms. Juarez who left the request sitting for a week, therein undermining my rights; than Ms. Rosen in January 2022 with no attempt whatsoever to confer; nor Mr. Nasim's repeated motions to the court with no attempt at all, and having written that it was on purpose. Yet all of them were given considerable relief in their requests, yet mine, which were meritorious, all ignored or denied.


Thank you.
      Respectfully Submit,
      This 16th day of February, 2023
              / Lise Rubin Electronically signed.
              Lise Rubin
              677 Kent Ave.
              Teaneck, NJ 07666

Cc: VIA ECF
      Elisheva Rosen, Assistant Corporation Counsel
      Attorney for Defendants
      100 Church Street, Room 2-316,
      New York, New York 10007
          212 (356-3522)     erosen@law.nyc.gov
              917-513-2630 OTL.NewYork@gmail.com