```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   LISE RUBIN,                                                :
                            Plaintiff,                        :
                                                              :    20 Civ. 10208 (LGS)
                 -against-                                    :
                                                              :           ORDER
   NEW YORK CITY BOARD OF EDUCATION, et                       :
   al.,                                                       :
                            Defendants.                       :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pro se Plaintiff brings this action against the New York City Board of Education and others in connection with her work from 2012 to 2018 as an "Independent Provider" of occupational therapy services to special-needs students in New York City schools. Defendants moved to dismiss the complaint found at Dkt. No. 177 (the "Complaint"). Plaintiff opposed the motion. Magistrate Judge Katherine H. Parker was referred the motion. In a Report and Recommendation (the "Report"), dated January 6, 2023, Judge Parker recommended that the motion be granted. *Rubin v. N.Y.C. Bd. of Educ.*, No. 20 Civ. 10208, 2023 WL 1972729 (S.D.N.Y. Jan. 6, 2023). On de novo review, the Report's recommendation to dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 8 is adopted, along with the Report's related reasoning.

**Standard of Review**

WHEREAS, a reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In reviewing a report and recommendation on a dispositive motion, the district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or

contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). A district court need only satisfy itself that "no clear error [is apparent] on the face of the record." *See, e.g.*, *Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020). A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016) (internal quotation marks omitted).

WHEREAS, familiarity with the Complaint and the procedural history of this case is assumed. *See Rubin*, 2023 WL 1972729. Below is a brief summary of the relevant procedural history.

**Procedural History**

WHEREAS, on December 3, 2020, Plaintiff commenced this action with the filing of a complaint. On February 19, 2021, she requested to file an amended complaint. The request was granted, and on June 3, 2021, Plaintiff filed an amended complaint. On June 9, 2021, the case was referred to Judge Parker for general pre-trial supervision and dispositive motions. On June 11, 2021, Plaintiff filed a revised complaint, her third-filed complaint.

WHEREAS, on September 10, 2021, Judge Parker held a conference with the parties. At the conference, Plaintiff stated that she had a "good deal of material" to include in an amended complaint. Judge Parker advised Plaintiff that a party is not required to attach documents to a complaint and that a complaint only needs to allege facts that support the claims made. Plaintiff was also advised that a complaint is not the proper document to refute anticipated legal arguments.

Plaintiff was ordered to file any further amended complaint by October 4, 2021, a deadline Plaintiff identified as one she could meet. Plaintiff was advised that this was "going to be the last time to amend" her complaint and was referred to the pro se legal clinic run by the New York Legal Assistance Group for help in drafting her amended complaint.

WHEREAS, in the months following the September 10, 2021, conference, Plaintiff was granted seven extensions of time for filing an amended complaint, ultimately extending the deadline to December 26, 2021. Plaintiff then filed three iterations of the complaint in late December and early January. On January 24, 2022, she filed the Complaint, the seventh-filed complaint, which is the subject of this motion. On the same day, Plaintiff filed a letter stating that she would separately file attachments to the Complaint.

WHEREAS, on January 25, 2022, Judge Parker issued an order accepting the document as the operative complaint, even though it was filed approximately a month after the final deadline. The order further stated that Plaintiff should not file any attachments and reminded her that "Federal Rule of Civil Procedure 8 provides that the complaint must contain a short and plain statement of the claim." The order stated that Plaintiff's filing already "exceeds what is required in the rule" and that "no further filings from Plaintiff" would be necessary until after Defendants filed their motion to dismiss. On February 2, 2022, Plaintiff nevertheless filed fifteen exhibits to the Complaint.

WHEREAS, the Complaint alleges violations of Title VII of the Civil Rights Act of 1964, Titles II and V of the Americans with Disabilities Act ("ADA"), sections 504 and 505(a)(2) of the Rehabilitation Act of 1974 ("Rehabilitation Act"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Fair Labor Standards Act, sections 740, 741 and 215 of the New York Labor Law, the New York Minimum Wage Act and New York Civil Service Law § 75-b. It also asserts state common law claims for defamation and fraud.

WHEREAS, on April 1, 2022, Defendants moved to dismiss the Complaint. Plaintiff filed an untimely opposition on August 31, 2022, after her deadline to respond had been extended three times. Defendants filed a timely reply on December 14, 2022.

WHEREAS, on January 6, 2023, Judge Parker issued the Report, recommending that Defendants' motion to dismiss be granted in full because the Complaint failed to comply with Federal Rule of Civil Procedure 8 or, in the alternative, that the motion be granted in part, dismissing all but two claims -- (1) the claim of retaliation under Titles II and V of the ADA and section 504 of the Rehabilitation Act against Defendant New York City Board of Education and (2) the claim of retaliation under the NYSHRL and NYCHRL against certain individual Defendants.

WHEREAS, the Clerk of Court mailed Plaintiff a copy of the Report on January 9, 2023. The deadline for Plaintiff to file any written objections was extended to February 2, 2023. On February 3, 2023, Plaintiff filed objections (the "Objections"). Although the Objections are untimely, they are considered in full. On February 9, 2023, Defendants filed their response. On February 22, 2023, Plaintiff filed a reply.

**Rule 8 -- "A Short and Plain Statement of the Claim"**

WHEREAS, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Courts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory," *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs v. Tightseal Constr. Inc.*, No. 17 Civ. 3670, 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018), because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *accord Harden v. Doe*, No. 19 Civ. 3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019); *see also Prezzi v. Schelter*, 469 F.2d

4

691, 692 (2d Cir. 1972) (holding that pro se complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 applies to all litigants, including those who are pro se. *See Prezzi*, 469 F.2d at 692; *accord Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming dismissal of pro se complaint on Rule 8 where amended complaint that was "nearly 50 pages long, with hundreds of pages of exhibits" was "convoluted and repetitive"); *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 33 (2d Cir. 2008) (summary order) ("[T]he district court's determination, that [the pro se plaintiff's] single-spaced 58-page complaint with 87 additional pages of attachments . . . violated the short and plain statement requirement of Rule 8, was not an abuse of discretion.").

WHEREAS, the Report recommends that the Complaint be dismissed for failure to comply with Rule 8 as it is neither "short" nor "plain." The Report notes that even though the Complaint names numerous defendants and covers an eight-year time period, "this case is not so complex or involved to justify such a lengthy complaint" -- which totals 395 pages. "To the contrary, Plaintiff's claims mostly involve allegations of workplace harassment and retaliation, and many of the named Defendants played only minor and discrete roles in the alleged wrongdoing." The Report adds that, although the Court ultimately accepted the filing as the operative complaint despite its size and format, Plaintiff was never granted "permission" to violate Rule 8 and, in fact, was warned that her complaint must comply with the rule.

WHEREAS, the Report recommends that dismissal is also warranted because the Complaint does not put Defendants on notice of the claims. The Complaint "does not contain simple, concise, and direct allegations, and it does not follow a coherent narrative," but instead "is rambling and repetitive, jumping back and forth in time and moving from claim to claim in a disjointed fashion. It also contains numerous hyperbolic accusations that have no apparent bearing on Plaintiff's actual

claims." The Report concludes that the Complaint "is simply too long and confusing to put Defendants on notice of the claims against them, and it is not clear how Defendants could properly answer such a pleading."

WHEREAS, the Objections, in relevant part, challenge the dismissal of the Complaint pursuant to Rule 8. They assert, in substance, that the Complaint is comparable in length and complexity to the complaint filed in a state court case and therefore consistent with Rule 8. They also suggest that Plaintiff was not allowed time to "complete editing and formatting," which would have allowed her to file a well-edited and shorter complaint with the exhibits completed a few days thereafter. The recommendation of dismissal pursuant to Rule 8 is reviewed de novo, construing the objections liberally.

**Analysis**

WHEREAS, the Complaint, which spans 168 pages and 1,920 paragraphs and includes over 200 pages of exhibits, is far from short and plain. It contains extensive background unrelated to the claims, reproduces the text of lengthy letters, emails and memoranda and attempts to preempt Defendants' legal arguments. For example, the Complaint includes a lengthy description of the difference between an "observation" and a "screening" in deciding whether a student requires occupational therapy services, beginning at paragraph 879 and ending at paragraph 908, which ends with a reference to the "Therapist's Compliance Audit and State Special Education Complaint, Complaint Area VIII" for "additional information and legal citations." As another example, the Complaint states that, should Defendants attempt to rely on a particular, allegedly fraudulent document, Plaintiff would "immediately move for the letter and any papers which refer to it" to be stricken under Rule 11 and would "seek [s]anctions." The Complaint's allegations are too lengthy, confusing and conclusory to inform Defendants of the claims against them.

WHEREAS, the Objections are unpersuasive.  First, the reference and comparison to the complaint in *People v. Trump*, Index No. 452564/2022 is inapposite, as it concerns a state court proceeding not subject to Rule 8 of the Federal Rules of Civil Procedure, which applies here in federal court.  Second, the suggestion that Plaintiff was not afforded enough time to finish editing and formatting the Complaint is at odds with the record, which reflects that Plaintiff was granted seven extensions of time to file the Complaint over the course of three months.  Plaintiff then filed the final version of the Complaint about a month after the final deadline and filed two sets of exhibits a week thereafter, which the Court accepted.  The Objection's assertion that "[o]rders, directives and over a month of harassment" from Judge Parker and defense counsel impeded Plaintiff's ability to submit a "well edited" and shortened Complaint is inadequately supported.  Plaintiff's letter motion at Dkt. No. 194 alleges, in relevant part, that defense counsel made "highly worrisome and harassing motions, such as demanding that the first filed section [of the Complaint] should be the only filing permitted," which forced Plaintiff to "completely stop editing and filing the Complaint, in order to deal with [defense counsel's] obstructions."  This assertion, while troubling, is ultimately unconvincing in light of the seven deadline extensions and additional time afforded thereafter.

**Requesting Leave to Replead**

WHEREAS, a "court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (internal quotation marks omitted).  On February 28, 2023, Plaintiff filed a letter requesting leave to amend the complaint.  Plaintiff may seek leave to amend the complaint consistent with the instructions below.  For the foregoing reasons, it is hereby

**ORDERED** that the Report's recommendation of dismissal pursuant to Rule 8 is **adopted**, and Defendants' motion to dismiss is **granted**. Plaintiff's request at Dkt. No. 263 -- to further extend her deadline to file objections to the Report, to further increase the page limit for such objections and for paper copies of the unreported cases cited in the Report -- is **denied** as moot. Plaintiff's request at Dkt. No. 269 -- for additional time to file a reply and to file further objections to the Report on issues not addressed herein -- is **denied** as moot. It is further

**ORDERED** that, by **March 31, 2023**, Plaintiff may file a letter, not to exceed three pages, requesting leave to file an amended complaint and explaining how the proposed amended complaint cures the deficiencies identified above. The letter shall append a proposed amended complaint, which shall not exceed twenty-five pages. No exhibits are allowed.

Plaintiff is reminded that the complaint should assert facts that, if true, make out a legally sufficient claim, and inform Defendants of what the claim is. The purpose of a complaint is not to prove the claims or even to lay out all the relevant facts. The proof of the claims comes at a later stage of the litigation.

For the reasons articulated in the Report, the Court suggests that the proposed amended complaint focus on the (1) the claim of retaliation under Titles II and V of the ADA and section 504 of the Rehabilitation Act against Defendant New York City Board of Education for incidents of alleged retaliation that occurred on or after December 3, 2017 and (2) the claim of retaliation under the NYSHRL and NYCHRL against Defendants Witzke, Cullen, Coleman, Schlachet, Smith and Baranello for incidents of alleged retaliation in which those individuals participated.

In order to state a claim for retaliation under the ADA, the Rehabilitation Act and the NYSHRL, the proposed amended complaint must allege facts showing that (1) Plaintiff engaged in a legally protected activity, (2) the employer was aware of that activity, (3) the employer took adverse employment action against her and (4) a causal connection exists between the alleged

adverse action and the protected activity.  *See Dodd v. City Univ. of N.Y.*, 489 F. Supp. 3d 219, 246 (S.D.N.Y. 2020) ("Retaliation claims under the Rehabilitation Act, ADA, and NYSHRL are governed by the same standards.").  To meet the "causal connection" requirement, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015); *accord Harris v. N.Y.C. Hum. Res. Admin.*, No. 20 Civ. 2011, 2022 WL 3100663, at *15 (S.D.N.Y. Aug. 4, 2022).  "But-for causation does not, however, require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive."  *Harris*, 2022 WL 3100663, at *15 (cleaned up).

The NYCHRL's definition of retaliation is broader:  For item (3) above, "[r]ather than requiring a plaintiff to show an adverse action," the NYCHRL only requires Plaintiff to show that the defendant did something "that was reasonably likely to deter a person from engaging in protected activity."  *Dodd*, 489 F. Supp. 3d at 268.  For item (4) above, the NYCHRL requires only that a retaliatory motive played some part in the employer conduct.  *See id.* at 269.

The proposed amended complaint should allege only enough facts to support each element of the asserted claims as outlined above.  Plaintiff is encouraged to contact the pro se clinic run by the New York Legal Assistance Group to obtain free legal assistance in preparing the letter and proposed amended complaint.

Plaintiff is advised that no extensions will be granted to the deadline absent extraordinary circumstances.  Plaintiff is further advised that the purpose of her letter is to seek permission to file the proposed amended complaint in compliance with Rule 8.  If she does not file the letter and

9

proposed amended complaint by **March 31, 2023**, she will not be allowed to file it, and the case will be dismissed.

    The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and to close the motions at Dkt. Nos. 186, 263, 264, 269 and 276.

Dated: March 3, 2023
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**