**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                  :
LISE RUBIN,                                                       :
                                    Plaintiff,                    :
                                                                  :         20 Civ. 10208 (LGS)
                    -against-                                     :
                                                                  :              **ORDER**
NEW YORK CITY BOARD OF EDUCATION, et al.,   :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 3, 2023, the Report and Recommendation at Dkt. No. 255 was

adopted in full, and Defendants' motion to dismiss the complaint was granted for failure to

comply with Federal Rule of Civil Procedure 8 (the "Order").[1]

WHEREAS, the Order stated that "by March 31, 2023, Plaintiff may file a letter, not to

exceed three pages, requesting leave to file an amended complaint and explaining how the

proposed amended complaint cures the deficiencies identified [in the Order]."  Plaintiff was

advised that "no extensions will be granted to the deadline absent extraordinary circumstances"

and that "the purpose of her letter is to seek permission to file the proposed amended complaint

in compliance with Rule 8.  If she does not file the letter and proposed amended complaint by

March 31, 2023, she will not be allowed to file it, and the case will be dismissed."

WHEREAS, on March 31, 2023, Plaintiff moved for reconsideration of the Order

pursuant to Rules 52(b), 59(e), 60(b) and, construed liberally, Local Rule 6.3 (the "Motion").[2]

---

[1] Familiarity with the underlying facts and procedural history is assumed.  *See Rubin v. N.Y.C. Bd. of Educ.*, No. 20 Civ. 10208, 2023 WL 2344731, at *1 (S.D.N.Y. Mar. 3, 2023).

[2] The Motion is brought "under Rule 52(a)(3) & (6), (b); Rule 59(e); Rule 60(b)(1), (4), (5), & (6); Rule 55[;] Rule 8(b)(6)."  However, Rules 8(b)(6), 52(a) and 55 are not vehicles for seeking reconsideration.

The Motion asserts that the Court "violated the FRCP pertaining to applying individual rules and Ordering actions for which there is no basis in law, and which is contrary to the FRCP and substantial case law."

WHEREAS, the "standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same." *Elghourab v. Vista JFK, LLC*, No. 17 Civ. 911, 2019 WL 13218564, at *1 (E.D.N.Y. July 31, 2019), *aff'd*, 818 F. App'x 63 (2d Cir. 2020); *see City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991) ("Motions for reconsideration under [the local rule], however, are as a practical matter the same thing as motions for amendment of judgment under [Rule 59(e)] -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance."). "Any kind of motion that draws into question the correctness of the district court judgment is considered to be a motion 'to alter or amend the judgment' under Civil Rule 59(e). Such a motion may variously be styled a motion to reconsider, a motion for rehearing, a motion to reargue, a motion to vacate, or a motion to set aside the judgment." *City of Hartford*, 942 F.2d at 133 (internal quotation marks omitted); *accord A Royal Flush, Inc. v. Arias*, No. 18 Civ. 1206, 2020 WL 3619332, at *2 n.1 (D. Conn. July 2, 2020), *aff'd*, 855 F. App'x 23 (2d Cir. 2021).

WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal

quotation marks omitted). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, the Motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170 (internal quotation marks omitted). The lone argument specific to the Order suggests "it was error for the District Court to issue specific instructions mandating the content and format of the amended complaint," citing *Ferran v. Off. of Dist. Att'y of Cnty. of Rensselaer*, 351 F. App'x 508 (2d Cir. 2009) and *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). The argument is unpersuasive. In both *Ferran* and *Sealed Plaintiff*, the district court ordered the plaintiff to file an amended complaint that stated in numbered paragraphs: "(i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights." *Sealed Plaintiff*, 537 F.3d at 187 (internal quotation marks omitted). This was error only because "a complaint need not contain detailed factual allegations -- such as the dates of misconduct and the names of each and every individual involved in the misconduct." *Id.* (internal quotation marks omitted); *see also Ferran*, 351 F. App'x at 509.

3

Here, the requirements imposed by the Order concern only length, i.e., the proposed amended complaint was not to exceed twenty-five pages or include exhibits.  *See, e.g.*, *Domnez v. N.Y.C. Dep't of Consumer Affs.*, No. 20 Civ. 5586, 2022 WL 11961384, at *1 (S.D.N.Y. Oct. 18, 2022) (20-page limit); *Harden v. Doe*, No. 19 Civ. 3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (same); *West v. Goord*, 423 F. App'x 66, 67 (2d Cir. 2011) (summary order) (15-page limit).  The Order, in an effort to assist Plaintiff, otherwise "*suggests* that the proposed amended complaint focus on" a subset of claims, lists the elements of each such claim and, in fact, makes clear that the complaint "should allege only enough facts to support each element of the asserted claims." (emphasis added).  *Ferran* and *Sealed Plaintiff* are therefore inapposite, and reconsideration pursuant to Rules 52(b), 59(e) and Local Rule 6.3 is denied.

WHEREAS, nor does the Motion satisfy Rule 60(b).  Rule 60(b) provides that a district court may relieve a party from a final judgment, order or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990); *accord Holmes v. City of New York*, No. 19 Civ. 1628, 2023 WL 2631967, at *2 (S.D.N.Y. Mar. 24, 2023).  The Court has considered the Motion's arguments, and even assuming a final judgment and a liberal interpretation of the Motion, the Motion fails to demonstrate any of the six listed grounds for relief.  Suggestions, for

example, that the Court failed to recognize Plaintiff's motion for sanctions, that the Magistrate Judge "repeatedly made unauthorized dispositive orders" and that previously vacated certificates of default should be reinstated are not supported by the record or applicable law.  *See United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) ("The party seeking relief from judgment has an onerous standard to meet [under Rule 60(b)].").  For the foregoing reasons, it is hereby

**ORDERED** that the Motion is DENIED.  It is further

**ORDERED** that, because Plaintiff did not file the letter and proposed amended complaint by the March 31, 2023, deadline, the case is dismissed.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 279, to close the case and to mail a copy of this Order to the pro se Plaintiff.

Dated: April 12, 2023
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**