UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
LISE RUBIN, :
                             Plaintiff, :
: 20 Civ. 10208 (LGS)
           -against- :
: **ORDER**
NEW YORK CITY BOARD OF EDUCATION, et al., :
                            Defendants. :
:
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on March 3, 2023, the Report and Recommendation at Dkt. No. 255 was adopted in full, and Defendants' motion to dismiss the complaint was granted for failure to comply with Federal Rule of Civil Procedure 8 (the "March Order").[1]  Plaintiff was directed to file, by March 31, 2023, a letter requesting leave to file an amended complaint and explaining how the proposed amended complaint cured the deficiencies identified in the March Order. Plaintiff was advised that "no extensions will be granted to the deadline absent extraordinary circumstances" and that if "she does not file the letter and proposed amended complaint by March 31, 2023, she will not be allowed to file it, and the case will be dismissed."

      WHEREAS, on March 31, 2023, Plaintiff moved for reconsideration of the March Order pursuant to Rules 52(b), 59(e), 60(b)[2] and, construed liberally, Local Rule 6.3.  The motion asserted that the Court "violated the FRCP pertaining to applying individual rules and Ordering actions for which there is no basis in law, and which is contrary to the FRCP and substantial case law."

---

[1] Familiarity with the underlying facts and procedural history is assumed.  *See Rubin v. N.Y.C. Bd. of Educ.*, No. 20 Civ. 10208, 2023 WL 2344731, at *1 (S.D.N.Y. Mar. 3, 2023).

[2] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

WHEREAS, on April 12, 2023, the motion was denied because it failed to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021),[3] and failed to demonstrate any of the six grounds for relief under Rule 60(b) (the "April Order"). As Plaintiff did not file the letter and proposed amended complaint required by the March Order, the case was dismissed.

WHEREAS, on May 11, 2023, Plaintiff filed the instant motion to reconsider the March and April Orders (the "Motion"), citing, *inter alia*, Rule 52(a)(6), (c); Rule 59(e) and Rule 60(b)(1), (b)(4). Construed liberally, the Motion seeks also to disqualify the undersigned, citing 28 U.S.C. § 455(a), (b) and 28 U.S.C. § 144.

WHEREAS, the Motion raises substantially the same arguments as the motion for reconsideration filed on March 31, 2023 -- addressing, e.g., requirements imposed by the March Order on the proposed amended complaint and the Court's alleged failure to recognize Plaintiff's motion for sanctions. Those arguments were considered and rejected in the April Order. They cannot be relitigated here. *See Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

WHEREAS, the argument that the April Order should be vacated because it was issued over Passover -- thus preventing Plaintiff from following up and filing additional support for her March 31 motion for reconsideration -- is also unpersuasive. Any such memorandum should have been filed concurrently with the motion, which was filed five days before Passover began. Similarly, Plaintiff cannot now -- more than a month after the Motion was filed -- submit

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

2

additional supporting documents (Dkt. Nos. 285 and 286).  They are untimely.  Reconsideration is therefore denied.

WHEREAS, the motion to disqualify the undersigned is similarly denied.  Section 144 requires a judge to recuse herself if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party."  Section 455 requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party."  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Siri-Reynoso v. United States*, No. 21 Civ. 11009, 2023 WL 22626, at *11 (S.D.N.Y. Jan. 3, 2023).  The inquiry is whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *accord Hill v. NYC Dep't of Health & Mental Hygiene*, No. 22 Civ. 7203, 2023 WL 2786822, at *1 (S.D.N.Y. Apr. 4, 2023).  As the Motion does not support any valid basis for recusal -- stating in conclusory terms that "the Court itself has acted in tandem with the NYC Law Department, and demonstrates its extreme bias against the Plaintiff" -- the motion to disqualify is denied.  For these reasons, it is hereby

**ORDERED** that the Motion is denied in its entirety.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 281 and to mail a copy of this Order to the pro se Plaintiff.

Dated: June 15, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE