Rubin v. NYCBOE
20-CV-10208-LGS-KHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
A District Court is not permitted to demand that a Complaint is pleaded at a lower standard.

| Lise Rubin, Plaintiff v. NEW YORK CITY BOARD OF EDUCATION, et al., Defendants. | 20-CV-10208-LGS-KHP Refiling of Motions #279 & 281 Due to Deficient Responses. Pursuant to FRAP 4(a)(4).<br><br>**MOTION TO VACATE MARCH 3, 2023 ORDER #277;**<br>**MOTION TO VACATE APRIL 12, 2023 JUDGMENT #280;**<br>**MOTION TO VACATE JUNE 16, 2023 ORDER #287**<br>- **Due to all being clearly erroneous, errors at law and fact.** |
|---|---|

1. Orders #277, 280 & 287 all violated the FRCP, as well as Local Rules, and are thus Errors at Law.
2. Plaintiff had filed a Pre-Motion Conference Request Letter to Amend complaint on 2/28/2023, #276, the deciding of which was dispositive, and violated the directives in Sce v. City of New York, 2022; by taking a pre-motion letter, and treating it as a fully briefed motion, yet denying it with no explanation on 3/3/2023,
3. Order #273 is prohibited in its entirety, under Sealed Plaintiff, 2008, which prohibits threatening to dismiss an entire complaint based on alleged pleading deficiencies, and an alleged failure to comply with directives and instructions on what to include in the amended complaint.
4. The demands for compliance with an incorrect understanding of Rule 8 are in fact demands to produce an inferior complaint, with pleadings at a lower standard.
For Continued failure to ever analyze Plaintiff's Causes of Action as required under Twombley / Iqbal and the Plausibility Standard, in order to conclude that a pleading is deficient.
And other issues to be more fully addressed in supporting documents.

Respectfully Submit,
This 14th day of June, 2023
        / Lise Rubin Electronically signed.
        Lise Rubin
        P.O. Box 2092
        Teaneck, NJ 07666
        917-513-2630 OTL.NewYork@gmail.com

Cc: VIA ECF
    Traci Krasne, Assistant Corporation Counsel
    Attorney for Defendants
    100 Church Street, Room 2-317,

New York, New York 10007
212 (356-2451)
trkrasne@law.nyc.gov

---

20-CV-10208-LGS-KHP
**MOTION TO VACATE MARCH 3, 2023 ORDER #277;**
**MOTION TO VACATE APRIL 12, 2023 JUDGMENT #280;**
**- Due to both being clearly erroneous, errors at law and fact.**
-Pursuant to Rule 60(b)(1), Relief from an Order, and Rule 52(a)(6) & (c), to Set aside the clearly erroneous findings and conclusions; which is a Motion to Vacate the Underlying Order, 3/3/2023, Docket #277, Due to Pervasive and Clear Errors in Law and Fact.
-Pursuant to Rule 60(b)(1), Relief from an Order, the March 3, 2023, Motion for Reconsideration of Motion, Docket #279; due to pervasive errors of Law and Fact in the review under the Judgment, 4/12/2023, Docket #280.
-Pursuant to Rule 52(a)(6) & (c), to Set aside the clearly erroneous findings and conclusions; Pursuant to Rule 59e, Motion to Amend a Judgment, and Rule 60(b)(1) Relief from a Judgment; is a Motion to Vacate the Premature, Precipitous 4/12/2023 Judgment, Docket #280, written and filed over Passover, in violation of Local Rule 7.1, of 28 USC 2071(c)(1), & of FRCP Rule 83(a)(2), by lawlessly denying Plaintiff the right to file a Memorandum of Law to support the Motion; Therein barring Due Process of Law; & Due to Pervasive & Clear Errors in Law and Fact;
-And therein supporting Rule 60(b)(4), Due Process failure – making said April 12, 2023 Judgment at Docket #280 Void.
-And openly manifesting Actual bias and partiality, now fully ripe, pursuant to 28 USC 455(a) & (b), & 28 USC 144. Absent Granting deserved relief, Full Motion, petition and affidavits shall be submit.

---

Note: While the vacating of the 4/12 Order is the focus of this Motion, it would be advisable and will conserve resources all around, to also vacate the underlying 3/3 Order which is also legally and factually fatally flawed; and which is contrary to dozens of decisions and directives from the Second Circuit Court of Appeals, and which has no basis in law to support its existence. Further, the slim 3/31 Motion alone, without the Memorandum of Law, should have been sufficient to know that the March third Order is clearly outside of law. Both Orders #277 & #280 are clearly outside of what is lawful, and are a good deal worse than "merely" abuses of discretion.

Plaintiff, Lise Rubin, herein presents this Motion to set aside and Vacate the Premature, Precipitous, and utterly erroneous and meritless, April 12, 2023 Judgment, which was written and filed over Passover week, and filed on the seventh day of Passover, 4/12/2023, at Docket #280; Therein lawlessly denying Plaintiff the right to file the Memorandum of Law to support the Motion filed 3/31; Causing the writing and filing of the Judgment to be in violation of Local Rule 7.1, 28 USC 2071(c)(1), & FRCP Rule 83(a)(2); And an Error and Mistake at Law, pursuant to Rule 60(b)(1);
And which Judgment manifests as an intentional incident of Religious Insensitivity, Intolerance, Antisemitism and Religious Discrimination. The content of the Judgment itself is legally untenable, as it is contrary to FRCP and directly in conflict with numerous decisions and directives

of the Second Circuit Court of Appeals, including the one cited, but intentionally ignored in the Judgment; as is also the underlying and preceding Order of March 3, 2023.

And which precipitous writing and filing constitutes as a refusal to allow Plaintiff to be heard on Order #277, which is also entirely based on errors and mistakes in law and fact; which is an error at law, pursuant to Rule 60(b)1; and which also makes the March Order Void, under Rule 60(b)(4).

**The April 12, 2023 Judgment Intentionally Ignored the Correct Case Law, yielding an error in law, and revealing intentional Bias and Partiality:**

On March 31, at Docket #279, Plaintiff timely filed a short Motion for Reconsideration, and cited Ferran in regards to the unlawful nature of the demands of Order #277:

> Ferran v. Off of Dist. Aty 351 F. Appx 508 2nd Cir 2009, **it was error for the District Court to issue specific instructions mandating the content and format of the amended complaint.**" Sealed Plaintiff v. Sealed Defendant 2nd cir 2008) And many others

Plaintiff ended by stating that a Memorandum of Law would follow:

> Memorandum of Law to follow, with Affidavit on facts.

The planned Memorandum of Law would have provided additional support by producing other Second Circuit Decisions which also prohibited specific instructions. However, it is clear from Ferran alone that it is forbidden for a district court to mandate the content and format of complaints. However, Passover, and its mammoth preparatory requirements, was about to start. Passover ended late in the evening on Thursday, April 13. Therefore, due to the requirements of Jewish religious observance, the earliest date on which Plaintiff would be able to follow up and file the Memorandum was on Friday, April 14.

Due to multiple prior incidents of the Court and NYC Law Department showing an overt callous disregard for Plaintiff's Jewish religious observance; and the large Jewish religious community in New York City, it is not plausible that the Court and NYC Law were not aware of Passover occurring, nor that Plaintiff was religiously prohibited from taking action during Passover.

**The Court and NYC Law Department Jump the Gun, write and file Judgment over Passover**

The Judgment was written over Passover, and filed on the seventh day, Wednesday, April 12, 2023, and equally precipitously Ordered the case closed on April 13th. These actions prevented Plaintiff from filing the Memorandum of Law. It also forced a new round of time intensive research to assess the new situation, placing yet an additional unfair burden on Plaintiff.

**3/31 Motion Sufficient for FRCP; Local Rules Requires Memorandum of Law**

The Southern District Recognizes the importance of Memorandum of Law in supporting motions in Local Rule 7.1, which requires it:

> What documents do I need to file to make a motion?
> • Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:1
> o **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.
> o **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

From: **Motions Guide**, United States District Court, S.D.N.Y., page 3

The Federal Law does not allow a district court to subvert its own local rules. Instead, they must remain in effect:

### §2071. Rule-making power generally

28 USC 2071c)(1) A rule of a district court prescribed under subsection (a) shall remain in effect unless modified or abrogated by the judicial council of the relevant circuit.

Further, FRCP, *Rule 83 (a) Local Rules. (2) Requirement of Form*, prohibits applying punitive enforcement:

### Rule 83. Rules by District Courts; Judge's Directives

(a) Local Rules.

(2) *Requirement of Form.* A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply. FRCP Rule 83(a)(2).

Yet, in this situation, Plaintiff stated the intent to comply, but this court willfully and punitively cut off the opportunity to do so. This Court is not allowed to deny this Plaintiff of the right to file a Memorandum of Law to support the Motion to vacate the March 3 Order, prior to a judgment or other response. This Court is duty bound. It must allow and then consider the content of the Memorandum. The existing Judgment is not allowed due an almost absolute denial of being heard.

**March Order #277 requires correction of deficiencies, but none are specified.**

**Pretends to encourage Amending, but instead demands a completely new complaint.**

Despite what is claimed in the April Judgment, the March Order mandated an extraordinary list of requirements, and most of which are not within the Federal Rules of Civil Procedure. It pretended to require Plaintiff to "amend" the complaint, whereas in fact it demanded the creation of an entirely new one. The required letter, which demanded an explanation of corrections, was futile, as no specific needed corrections were given.

It included a lengthy list of specific, or mandated, requirements as to form and content, which is prohibited by the 2d Court of Appeals, in multiple decisions, including Ferran.

### The Specific, Detailed, Mandated and Prohibited Content of Order #277.

Order #277 Ordered that:

1. The proposed amended complaint must cure the "deficiencies identified above";
2. "Above" only cited "Rule 8", but not which section, and did not specify any deficiencies to "cure".
3. The amended complaint shall not exceed 25 pages.
4. No exhibits are allowed.
5. It specifies what claims, laws and defendants are permitted.
6. It specifies one date to use on statutory timelines.
7. It advises going to the NYLAG clinic.
8. It gives lengthy instructions about what factors should be included, pretending to give expert advice.
9. No extensions will be allowed; and
10. That Plaintiff must write a letter requesting permission to file the proposed amended complaint in compliance with Rule 8, while there was no identified "noncompliance".

The demands were so great, such as limiting it to 25 pages, that it was not an order to "amend". Instead it was a demand to throw out the highly meritorious Complaint and create a new one with

an inferior level of pleading. It attempted to force Plaintiff to give up robustly factually supported claims and causes of action by submitting such an amended and harshly truncated complaint.

In the Judgment Order, the court pretends that its demands are minimal and appropriate. Instead, they violate the FRCP:

> Here, the requirements imposed by the Order concern only length, i.e., the proposed amended complaint was not to exceed twenty-five pages or include exhibits.

Plaintiff's complaint and case have 14 defendants and 20 Causes of Action. It is impossible to cover that in 25 pages.

There is nothing within the FRCP which come close to allowing limiting a complaint to 25 pages.

And, there is no guarantee that whatever Plaintiff does or submits that the court would actually allow it.

The Order pretends to be acting to help Plaintiff, but it is to the contrary. The obvious intent is to force plaintiff into agreeing to a poor quality complaint, of a lower pleading standard. By attempting to comply with the Order, Plaintiff would effectively give up the right to appeal based on the SAC and the new complaint.

**The demand to exclude exhibits is directly in conflict with FRCP:**

> Rule 10(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

The Judgment is directly depriving Plaintiff of a right which is guaranteed by the Federal Rules of Civil Procedure.

*Rule 83. Rules by District Courts; Judge's Directives*, describes the area of permissible freedom for a judge, as being, by definition, [only] *when there is not controlling law*. In that case, *a judge may regulate practice in any manner consistent with federal law, rules adopted under 2072…*

> Rule 83 **Rule 83. Rules by District Courts; Judge's Directives**
> **Rule 83 (b) Procedure When There Is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law, rules adopted under 2072…, and the district's local rules. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules…

With use of exhibits, there is "controlling law". It includes Rule 10. In regards to the use of exhibits as with pleadings, Rule 10 expressly permits and describes it.

This concept is expressed in the well-known *Fruit of the Loom* case, which was repeated in various future decisions.

> District court judges are bound by the Federal Rules of Civil Procedure and may not apply their individual practice rules in a manner that is inconsistent with the Federal Rules. See Fed.R.Civ.P. 83(b) (stating that a judge "may regulate practice in any manner consistent with federal law")…
>
> *Fruit of the Loom, Inc. v. American Marketing Enterprises, Inc.*, 192 F.3d 73 (2d Cir. 1999)
>
> We write to remind the bar that the individual practice rules of a district judge must be read in conjunction with the Federal Rules of Civil Procedure and that the Federal Rules [which] supersede[s] any seemingly contrary district court practice rule. Accordingly, a judge's rule providing that motions be filed only after they are fully briefed therefore does

not alter or suspend the specific filing deadline of Rule 50(b) or any other jurisdictional motion. *Fruit of the Loom, Inc. v. American Marketing Enterprises, Inc.*, 192 F.3d 73 (2d Cir. 1999) From Lawrence v. Richman, citing Fruit of the Loom: (holding that district courts generally are not authorized to craft practices in conflict with federal rules). *Lawrence v. Richman Group of CT LLC*, 620 F.3d 153 (2d Cir. 2010)

**Motion for Sanctions was Lawlessly Buried in 7 orders, all clearly violating the FRCP**

The same pervasive pattern is seen across all of the decisions and orders in this proceeding: They are all contrary to the FRCP and Law. This will be addressed in detail in the Memorandum of Law and additional pleadings.

In this case, the Magistrate Judge gave orders which directly conflicted with the Rule 11 dictates.

> **Holding that a party may not "ignore" safe harbor requirements even if it interprets a court's scheduling directive to raise "competing obligations" with Rule 11(c)**
>
> To the extent that ambiguity in that directive created competing obligations for appellees under the scheduling directive and under Rule 11(c)(2), the proper course was not to ignore the rule's safe harbor requirements, but to alert Lawrence and the court to any perceived defect in the second amended complaint and to seek clarification and agreement as to the schedule for formal filing of the sanctions motion. See generally Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc., 192 F.3d 73, 75 (2d Cir. 1999) (holding that district courts generally are not authorized to craft practices in conflict with federal rules). Rule 11 authorizes courts to sanction parties who violate Rule 11(b).

The Judgment pretends that Order #277's highly specific demands in Ferran are explained away but cutting up parts of the decision, and moving them around to make a different argument then was actually there.

This is the text of the end of Ferran:

> The district court's reliance on Rule 41(b) under these circumstances constituted a legal error sufficient to warrant vacatur. If, in the district court's view, **the allegations in the operative pleading were deficient, then the proper analysis was to be performed under Rules 8(a), 10, and 12(b)(6),** rather than Rule 41(b). Moreover, "it was error for the District Court to issue specific instructions mandating the content and format of the putative amended complaint." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *see also Wynder*, 360 F.3d at 77-78. Accordingly, we vacate the district court's May 13, 2008 judgment, and remand for further proceedings.
>
> On remand, upon a motion pursuant to Rule 12(b)(6), the district court may undertake an assessment of the complaint under the standards articulated by the Supreme Court in *Ashcroft v. Iqbal*, ___ U.S. ___, ___ ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). In doing so, the district court is, of course, obligated to be mindful of plaintiffs' *pro se* status when analyzing the legal sufficiency of their factual allegations. *See, e.g., Sealed Plaintiff*, 537 F.3d at 191. The district court may also entertain — but need not invite — a motion by plaintiffs for leave to amend their complaint, and the court possesses broad discretion to determine whether such leave is appropriate pursuant to Rule 15(a). *See Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (per curiam); *see also McCarthy v. Dun Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (noting that district courts may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party").

> For the foregoing reasons, the judgment of the district court is hereby **VACATED**, and the case is **REMANDED** for further proceedings consistent with this Summary Order.

Ferran, as all the other related cases, directs the district court to undertake a claim specific analysis. In this case, it has not been done.

**It is legally prohibited to Dismiss Plaintiff's Highly Meritorious Complaint: The Claims & Causes of Action, having never been analyzed for Rule 8 "Sufficiency" under Iqbal, nor under Rule 12(b)(6); it cannot be lawfully labeled "Deficient".**

On 3/3, at Docket #255, the court issued an order, under the pretense of allowing amendment of the SAC, but which instead was further violation of Rule 15 (a)(2), denying amending. This Order, the specific details all being prohibited; was in fact an order to dispose of the highly meritorious complaint, with twenty valid and more than legally "sufficient" Causes of Action in regards to the NYC BOE; as well as an average of 8 more than sufficiently pleaded causes of action and claims for each of the 12 individual (and defaulted) defendants.

In addition, the SAC explicitly and precisely documents multiple incidents of Prima Facie Retaliation, in which retaliation occurred within hours of the protected activity; and all of which is clearly documented in the defendants' own documents.

The 3/3 Order was an order to start a new complaint from scratch, obviously seeking to remove the robust pleadings; and with no lawful or procedural precedent.

Further, under Rules 8, 12 & 15, if any of the claims or causes of action were not sufficient, the court had a duty to allow Plaintiff to amend them and bring them up to standard. Instead, this was denied.

In fact, Defense's only reference to Rule 12(b)(6) Failure to State a Claim in the Motion to Dismiss, was generalized to everything, without any of the mandatory analysis whatsoever. None of the causes of action or claims were analyzed.

Similarly, neither the Defense nor the Court itself attempted the mandatory Rule 8(a) analysis of claim sufficiency, such as described in Iqbal.

While Defense and the Court have focused only on a distorted notion of "prolixity", which is a disconnect with Plaintiff's SAC; it has continuously been found that mere prolixity does not cause dismissal of a complaint. Dismissal also requires that there be no claim which could prevail. And that certainly is not operative in this case, and that is even proven by the extensive (and inappropriate) demands made in the 3/3 Order, such as giving specific statutes which the court does recognize that the SAC has covered.

Despite the legal status of there being nothing on which the complaint is "deficient" (3/3 Order), nor in "violation of Rule 8", which starts the 4/12 Order; that is the only, but entirely irrational, invalid and lawless basis for dismissal.

These omissions of mandatory analytical procedures actually validate the sufficiency of the claims made, as they reflect a litigation strategy which acknowledged the robust nature of the heightened level of pleading, and which could not be directly attacked. It also indicates that the Court itself has acted in tandem with the NYC Law Department, and demonstrates its extreme bias against the Plaintiff.

At the same time, as these issues were not included in the Defense Motion to Dismiss, it is not permitted to raise them at this time, as only one Rule 12 Motion to Dismiss is allowed.

Because it appears that this court has never actually read the SAC, I produce the First Cause of Action below. S
Please scrutinize it under Iqbal or other methods, and let me know if it is sufficient, or if not, how it is not.
It is entirely outside of law to dismiss a complaint when there are viable claims and causes of action.

A Memorandum of Law will follow, along with a Declaration and exhibits.
It will address the statements and citations in the Order and Judgment.
Thank you.
    Respectfully Submit,
    This 11th day of May, 2023
        / Lise Rubin Electronically signed.
        Lise Rubin
        677 Kent Ave.
        Teaneck, NJ 07666
        917-513-2630 OTL.NewYork@gmail.com


Cc: VIA ECF
    Traci Krasne, Assistant Corporation Counsel
    Attorney for Defendants
    100 Church Street, Room 2-317,
    New York, New York 10007
        212 (356-2451)
        trkrasne@law.nyc.gov



### The FIRST CAUSE OF ACTION: RETALIATION UNDER THE REHABILITATION ACT.
### Against All Defendants

Rubin repeats and realleges the allegations contained in paragraphs 1 through 1736, as if fully set forth herein.
1738. This case has two incidents of Prima Facie Retaliation, described in detail above. In each, the severe retaliation started the same day, and on one within the hour; after the protected actions.
1739. SECTION 504 OF THE rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal assistance…" 29 USC Sec 794(a).

1740. The Regulations implementing Section 504 of the Rehabilitation Act provides that a school is required to provide a "free appropriate public education" by providing education and related services that "are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons." 34 CFR Sec 104.33(a) & (b)(1).

1741. Section 505(a)(2) of the Rehabilitation Act provides: "The remedies, procedures, and rights set forth in title VII of the Civil Rights Act of 1964 shall be available to any person aggrieved by any act or failure to act by any recipient of federal assistance or Federal provider of such assistance under section 504 of this Act." 29 USC Sec. 794a(a)(2).

1742. The anti-retaliation provision of Title VII of the Civil Rights Act incorporated by Section 504 states: "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 of (the Civil Rights) Act or this part, or because he made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part."

1743. Plaintiff participated in complaints and investigations, including whistleblowing on students being defrauded of mandated services, and being provided with grossly substandard services. As set forth, Plaintiff was retaliated against for assisting and ensuring protection of the rights of her students, across Manhattan and the Bronx; and more recently, those enrolled at the Sarah Anderson School in Manhattan, PS 09., under the Rehabilitation Act.

1744. Plaintiff has provided unusually detailed, major and hard proof for at least 2 incidents of Prima Facie Retaliation, one on June 22, 2018; and one on March 20, 2019; both of which were overtly malicious in nature.

1745. As fully described above, the Defendants implemented a Prima Facie Retaliation on June 22, 2018, against Plaintiff for assisting parents in advocacy for their children with special education needs. Defendants falsely alleged that Rubin was getting, or trying to get, money directly from parents, whereas Rubin only was paid by RSAs. When Defendants, with neither warning nor any reason whatsoever, removed Plaintiff's security clearance, they made it impossible for her to work.

1746. The Defendants subjected Plaintiff to wrongful termination in retaliation; made false accusations to SCI and OSI; and refused to give a reason at any time; and later further retaliated by refusing to give a professional reference.

1747. When OSI determined that Rubin had done nothing wrong, Defendants failed to let Rubin know, and failed to restore Rubin's status and position.

1748. On March 20, 2019, Defendants learned that Rubin had filed a special education State Complaint, and shared the information with parents, showing how Defendants had been systematically defrauding their children of mandated services. Rubin had a duty to bring these problems, which constituted child abuse, educational and medical neglect; to the attention of the authorities.

1749. Defendants did, that same day, file a complaint with SCI, complaining that Rubin was communicating with parents, and complaining about therapists; which, if true, was not wrong doing and no basis to make a complaint.

1750. On June 21 - 22, 2018, March 19 to 22, 2019; throughout the school year 2017 to 2018; Rubin engaged in protected activity by complaining to Lantzounis, Epstein, Witzke, to NYSED SEQA, to the Public Advocate, to SCI, to OSI, to Lees, about NYCBOE ORS and all defendant's discriminatory treatment of special education students; based on the special education students' PROTECTED CLASS. Rubin advocated for special education students, and encouraged

Defendants to provide them with better services. Specifically, Rubin told the NYSED SEQA that PS9 was violating students' rights by failing to provide lawfully required mandated services;

1751. On seeing the documents, a year later, and only by extensive FOIL requests, it was obvious that Defendants/s' alleged reason for removing Plaintiff's clearance and other secret forms of harm; was pretextual and baseless. Defendant(s) removed Plaintiff's clearance because she complained of NYCBOE Defendants' discrimination on against students with special education needs, and due to Plaintiff advocating for them; and therein, Defendants violated the Anti-Retaliation section of the Rehabilitation Act.

1752. As a direct and proximate result, Rubin has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Rubin is entitled to an award of damages.

1753. As a direct and proximate result, Rubin has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Rubin is entitled to an award of damages.

1754. As a direct and proximate result of Defendant('s/s') unlawful and discriminatory conduct in violation of the Rehabilitation Act, Rubin has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to punitive damages.

Plaintiff's third motion for reconsideration is not properly before the Court.  The Court has dismissed the case, and Plaintiff has filed a Notice of Appeal.  The case is now before the United States Court of Appeals for the Second Circuit.  *See Griggs v. Provident Consumer Discount Co.*, 103 S. Ct. 400, 402 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *accord Wilson v. Dynatone Publ'g Co.*, No. 16 Civ. 104, 2018 WL 485970, at *3 (S.D.N.Y. Jan. 18, 2018).

Plaintiff shall file no further substantive filings in this action until the case is remanded back to this Court.  So Ordered.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and to close the motion at Dkt. No. 288.

Dated: July 28, 2023
       New York, New York

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**