Rubin v. NYC BOE
20-CV-10208 (LGS) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------- x

Lise Rubin,

                   Plaintiff,

       -   v. -

New York City Board of Ed., et al.,
                  Defendants.

----------------------------------------- x

**MOTION TO VACATE
PLAINTIFF'S CONTINUED POST-JUDGMENT
SUB-MOTION I.A.1. ERRORS OF LAW: TIME
N.Y. LABOR LAW Sections 740 – 741**
&
**N.Y. CIVIL SERVICE LAW Section 75-B**

**20-CV-10208 (LGS) (KHP)**

**PLEASE TAKE NOTICE** that,

     - PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE: FRAP 4(a)(4).

     - The FEDERAL RULES OF CIVIL PROCEDURE: Rule 11(c)(2), Rule 52(a)(6) & (c); Rule 59(e); Rule 60(b)(1) & (4); Rule 83(a)(2); &

     - of US Code Chapter 28: USC 144; 28 USC 455(a) & (b); 28 USC 2071(c)(1); &

     - The LOCAL RULES OF THE SOUTHERN DISTRICT OF NEW YORK: Local Rules 7.1 & 7.2:

     - **PLAINTIFF, LISE RUBIN, brings this Sub-Motion, the first of a series;** as part of the prior motions and notices at docket #279, #281, #285, #286 and #288; which are all annexed into and within this Sub-motion, I.A.1.; and into which this current Sub-motion I.A.1. is amended;

**SEEKING RELIEF from the District Court's Errors of Law**; this being an **Error of Law of Time**, as to the statute of limitations for New York Labor Law Sections 740-741 & New York Civil Service Law Section 75-B.

This cluster of Errors of Law was selected as a starting point due to the errors being so clear.

    1. **The Court's current behavior, of blocking Plaintiff from being heard; has been in operation for the entire proceeding; and is prohibited.**

The blocking of plaintiff from filing full motions and memorandum of law to support, has occurred repeatedly, along with the court refusing to give consideration to what plaintiff has managed to submit. It has already been learned that there are some sort of secret Individual Rules at play, which have prevented the court from allowing for Reasonable Accommodations, Family Leave, Jewish religious observance, and which, in violation of Local Rule 7.2, also resulted in the denial of providing paper copies of cases underlying judicial decisions, and refusing to allow for time to print out and study electronic ones. It is now apparent that there is also a ban on litigants who unforgivably provide childcare for their grandchildren so that their mothers may be employed.

Rubin v. NYC BOE
20-CV-10208 (LGS) (KHP)

The Circuit Courts have continuously directed the District Courts that they are not allowed to deny litigants a reasonable chance to be heard. This was clearly stated by the Second Circuit in *Enron v. Diakuhara*:

> (The) … zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case. It is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard. *See Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981); *See also Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957) ("general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default"). *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993)

In fact, the District Courts have a special duty to "make some effort to protect" a party without an attorney:

> Further, concerns regarding the protection of a litigant's rights are heightened when the party… appears *pro se*. A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge. *See Traguth*, 710 F.2d at 95; *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (allegations of *pro se* complaint are held to less stringent standard than formal pleading drafted by lawyers, when court considers a motion to dismiss). *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993)

This duty has obviously been completely ignored in this proceeding. Instead, this District Court has literally acted in the reverse, continuously stepping in to help and save the New York City Law Department, one of the largest firms in New York.

### 2.  A District Court is not allowed discretion to incorrectly state a law:

> Making errors of law is not permitted, even to a judge. ("A district court by definition abuses its discretion when it makes an error of law."). *Koon v. United States*, 518 U.S. 81, 100 (1996)

Yet, in the course of this proceeding, virtually every ruling, order, decision, and thus the Judgment; have been largely comprised of Errors of Law.

### 3.  Judges are not permitted to agree with NYC Law Department's Errors of Law.

The New York City Law Department is not allowed to submit documents in violation of Rule 11. Despite the existence of Rule 11, which prohibits filing false and indefensible claims and documents, this is what the NYC Law Department has continuously done. When NYC Law claimed that New York Labor Law Sections 740-741 and New York Civil Service Law Section 75-B, have a one-year statute of limitations for plaintiff, an occupational therapist and health care provider; it was a violation of Rule 11.

Instead of doing research, rejecting the false statement of law, and considering sanctions; the Magistrate wrongfully promulgated the Errors in Law in her January, 2023 Report, making Errors in Law. A judge has no discretion to make Errors of Law.

Rubin v. NYC BOE
20-CV-10208 (LGS) (KHP)

When the District Court judge received the Magistrate's Report, she failed to consider the laws as applied, and accepted the completely erroneous report in full. This was an Error in Law. A judge has no discretion to make Errors of Law.

**4. This District Court is wasting Judicial Resources by Refusing to Correct itself.**

The purpose of post-judgment motions is to give the district court the opportunity to conserve judicial resources by correcting itself.

This District Court's Errors of Law are so pervasive and glaringly obvious that the District Court will be continuing to waste judicial resources by failing to Sua Sponte correct them. This District Court will be wrongfully wasting the judicial resources of the Second Circuit Court of Appeals by failing to self-correct.

Therefore, it is the intent of this Plaintiff to continue to petition for redress of the District Court's Errors, in the expectation that at some point the district court will itself see and admit that it has erred, and will vacate its wayward Judgment, orders and decisions; and re-start the proceeding afresh. This is the sole ethical, lawful and adult course of action.

**5. The District Court does not have the authority to undermine and block post-judgment motions.**

This District Court does not have the authority to block and to prohibit Plaintiff from post-judgment petitioning for redress of these obvious Errors of Law.

-Instead, each precipitous and premature Sua Sponte ruling is in violation of the Federal Rules of Civil Procedure and the District Court's own Local Rules; and intentionally undermines the Federal Rules of Appellate Procedure. As such, they are further Errors of Law, prohibited, and subject to Rule 60(b)(1) relief. These actions are also the denial of being heard, and subject to Rule 60(b)(4), making the Sua Sponte rulings void.

-Instead, each such premature ruling, aimed at preventing Plaintiff's meaningfully being heard; is foreclosing on the court's ability to make a meaningful decision, with a lawful explanation, as required by the Appellate Court; so as not to force it to send the case back for the District Court to justify its rulings.

**6. The District Court's behavior has forced Plaintiff to utilize a Sub-Motion Format.**

Plaintiff has repeatedly attempted to respond to the District Court and NYC Law Dept. with comprehensive motions and memorandum. The District Court's actions over the past months have made this impossible. Previously all requests for time to formally brief the dozens of Sua Sponte decisions have been denied.

Rubin v. NYC BOE
20-CV-10208 (LGS) (KHP)

Therefore, this sub-motion and memorandum is the first in a series of perhaps ten such Sub-motions. This sub-motion will address what is now called a Type I Error, an Error of Law. This sub-motion and Memorandum pertain to **type I.A. Errors of Law: Time**, relating to errors about timing, including statutes of limitations, time tolling, including for COVID under New York State law, claims being time barred, continuing violations, notice periods, and other time-related issues.

**7. Notice on Production and Filing of Planned Sub-Motions & Memoranda**

Most of the underlying research has been completed, and much of the content drafted. However, it is not known how much time will be required for production of each. Plaintiff will aim for one each week. Personal circumstances are likely to continue to interfere, as in June and July, in which plaintiff had to spend full weeks engaged in caring for her infant grandchild. It seems that this will occur over the last week in August.

**This is the same grandchild whose mother, 3 days post-partum, was cruelly harassed, intimidated and frightened, by the NYC Law Department attorney, Elisheva Rosen, in February**. This was done in order to harass plaintiff and impair her ability to respond to the Magistrate's Report. The District Court not only failed to Sua Sponte sanction NYC Law and Rosen; but also refused to allow for any "family leave" to assist said family; which was the ruse used by Rosen for her cruel harassment.

As each sub-motion and memoranda is completed and filed, a courtesy copy will be mailed to Honorable Judge Lorna Schofield. When all are completed, an Index will be created and mailed.

**Relief Sought:**

1. The Court will issue an order stating that the use of a one-year statute of limitations for Plaintiff, an occupational therapist and health care provider; under New York Labor Law Section 741 and New York Civil Service Law Section 75-B; is an error of law; and that the correct statute of limitations should be two years.

2. This requires first opening for review and vacating the decisions, orders and the Judgment, going back to and including the January 2023 Magistrate's Report, as they included and relied upon these errors of law, pertaining to the statute of limitations for Labor Law 741 and Civil Service Law 75-B; as well as numerous additional errors of law, which, especially when taken together, will substantively alter the survival of claims.

3. The Magistrate's Report is neither valid nor legally or rationally tenable; it must be vacated and stricken. Virtually every statement of law in the report is an error, as shown in this, and further shown in future sub-motions. Similarly, virtually every statement of fact is blatantly false, and/or is otherwise intentionally false and misleading. As a Result, when the errors of law and fact have been removed; the Magistrate's Report will have been reduced from 47 pages of falsehoods; to a few pages of vague prepositional phrases.

Case 1:20-cv-10208-LGS-KHP   Document 292   Filed 08/10/23   Page 5 of 5

Rubin v. NYC BOE
20-CV-10208 (LGS) (KHP)

4. And which also requires recognition of Plaintiff's August, 2022, formal Motion for Sanctions due to the intentional errors of law, and the plethora of grotesque falsehoods, submit by NYC Law to intentionally harass plaintiff, in the NYC Motion to Dismiss.

5. Please provide this litigant with paper copies of cases cited in the Magistrate's Report. While the court has written "moot" on the denial of the request for copies of the cases cited in the Magistrate's Report, it was not moot then, and is not now. They are required for the post-judgment motions and, if need be, the appeal.

6. Please provide copies of the cases referenced in Defendants' Motion to Strike, never provided, in violation of Rule 7.2, which is a violation of law.

Respectfully Submit,
        On this day of August 6, 2023
                Lise Rubin / Electronically signed
                Lise Rubin, Plaintiff
                Email address: OTL.NewYork@Gmail.com
PLEASE NOTE ADDRESS CHANGE:        P.O. Box 2092
                                   Teaneck, NJ 07666

Cc: VIA ECF
        Traci Krasne, Assistant Corporation Counsel
        Attorney for Defendants
        100 Church Street, Room 2-317,
        New York, New York 10007
                212 (356-2451)
                trkrasne@law.nyc.gov

As explained in the Court's prior order at Dkt. 289, Plaintiff shall file no further substantive filings in this action until the case is remanded back to this Court from the United States Court of Appeals for the Second Circuit.  Further filings may result in sanctions, including restrictions on filing.  So Ordered.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and to close the motion at Dkt. 290.

Dated: August 10, 2023
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE